**Henry James ARAJ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 61925.

Court of Criminal Appeals of Texas, Panel 2.

Nov. 21, 1979.

Rehearing Denied Feb. 6, 1980.

John A. Woodard, Jr., Houston, on appeal only, for appellant; Allen C. Isbell, Houston, of counsel.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Matthew Leeper, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for possession of a controlled substance. The court assessed punishment at eight years and a $1500 fine, probated. Araj contends that cocaine found in an attache case in the rear of the passenger compartment of his car was discovered by means of a search in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States. We agree.

On February 23, 1978, Araj was stopped in his car by two uniformed officers who had received a request over the police radio to stop his car because it was reported to be carrying contraband. While following

Araj's car for some distance from the place where the radio message had correctly stated it could be found, the patrolmen observed the car to be weaving in its lane and otherwise to be driven erratically. They took him into custody for driving while intoxicated. A search was then and there made of the car, *including the contents of the attache case.*

Regardless of the probable cause the officers may have had to search Araj's automobile as a result either of his arrest or of the radio report the officers had received, the search of the attache case without warrant had been held illegal by the Supreme Court of the United States in *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).

In *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), the Supreme Court said:

" . . . The police acted properly—indeed commendably—in apprehending respondent and his luggage. They had ample probable cause to believe that respondent's green suitcase contained marihuana. A previously reliable informant had provided a detailed account of respondent's expected arrival at the Little Rock Airport, which account proved to be accurate in every detail, including the color of the suitcase in which respondent would be carrying the marihuana. Having probable cause to believe that contraband was being driven away in the taxi, the police were justified in stopping the vehicle, searching it on the spot, and seizing the suitcase they suspected contained contraband. See *Chambers v. Maroney*, supra, 399 U.S. [42], at 52, 90 S.Ct. [1975], at 1981 [, 26 L.Ed.2d 419]. . . .

"The only question, therefore, is whether the police, rather than immediately searching the suitcase without a warrant, should have taken it, along with respondent, to the police station and there obtained a warrant for the search. A lawful search of luggage generally may be performed only pursuant to a warrant. In *Chadwick* we declined an invitation to extend the *Carroll* [v. U. S., 267 U.S. 132,

45 S.Ct. 280, 69 L.Ed. 543 (1925).] exception to all searches of luggage, noting that neither of the two policies supporting warrantless searches of automobiles applies to luggage. Here, as in *Chadwick*, the officers had seized the luggage and had it exclusively within their control at the time of the search. Consequently, 'there was not the slightest danger that [the luggage] or its contents could have been removed before a valid search warrant could be obtained.' 433 U.S., at 13, 97 S.Ct., at 2484. And, as we observed in that case, luggage is a common repository for one's personal effects, and therefore is inevitably associated with the expectation of privacy. *Ibid.*"

In the instant case, as in *Sanders* and *Chadwick*, the officers had control of the attache case. Appellant was in police custody and could not be expected to interfere with the procurement or execution of a search warrant. The *Chadwick* and *Sanders* cases are controlling; the trial court should have granted appellant's motion to suppress.

The judgment is reversed and remanded.