Napoleon JAMES, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00134–CR.

Court of Appeals of Texas,
Dallas.

Dec. 10, 1981.
Discretionary Review Denied
March 24, 1982.

Tom S. McCorkle, Dallas, for appellant.

Karen Chilton Beverly, Asst. Dist. Atty.,
Dallas, for appellee.

Before GUITTARD, C. J., and STE-
PHENS and VANCE, JJ.

GUITTARD, Chief Justice.

Napoleon James was convicted of posses-
sion of marijuana. The trial was before the
court without a jury, and punishment was
assessed at a $200 fine and one day in jail.

Appellant contends that at the time the initial investigatory stop was made the police officer lacked "specific articulable facts" which would justify a temporary detention of appellant for investigation. Appellant also asserts that the officer's subsequent "search" of appellant's car was unlawful, and, therefore, the fruits of that search should have been suppressed. We overrule these contentions for the reasons stated.

The record reflects that on December 14, 1978, Officer Michael Coker was patrolling an apartment complex in an area where burglaries and criminal mischief had been frequent. While driving through the complex, he heard the sound of a large pane of glass breaking. As the officer stepped out of his patrol car to investigate, he saw appellant walking at a rapid pace away from the area from which the sound had come. Appellant got into his automobile and drove away at what the officer considered to be a high rate of speed for an apartment complex. The officer stopped appellant's car. As the officer approached, he saw appellant lean forward and lower his shoulder as if he were dropping something on the floorboard. Fearing that appellant might have a weapon, the officer returned to his vehicle and called for assistance. When another officer arrived, appellant was requested to move to the rear of his car. Officer Coker then walked back to appellant's car, shined his light onto the floorboard, and saw a plastic bag containing marijuana. He then placed appellant under arrest.

1. *Investigatory Detention*

Appellant first asserts that the initial stop was unlawful. He argues that the officer's conclusions were based on an inarticulable hunch and that his own actions were as consistent with innocent activity as with criminal activity.

■ We agree with appellant that the circumstances were not sufficient to justify an arrest on suspicion, as authorized by article 14.03 of the Texas Code of Criminal Procedure (Vernon 1977). Nevertheless, the law is well settled that circumstances short of probable cause for arrest may justify the temporary detention of a suspect for purposes of investigation. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). The totality of the circumstances surrounding the incident must be examined to determine whether the detention was reasonable. *Shaffer v. State*, 562 S.W.2d 853 (Tex.Cr.App.1978); *Armstrong v. State*, 550 S.W.2d 25 (Tex.Cr. App.1976). The intrusion cannot be justified unless the officer has knowledge of specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would reasonably warrant the intrusion. *U. S. v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). The officer must reasonably suspect that some criminal activity is occurring or has occurred and that the detained person is connected with the activity. If the events giving rise to the detention are as consistent with innocent activity as with criminal activity, then the detention is unlawful. *Shaffer, supra; Armstrong, supra.*

■ In the instant case, we conclude that Officer Coker's suspicions were reasonable and that he had specific articulable facts to justify an investigatory detention of appellant. The officer was patrolling a high crime area, particularly susceptible to burglary and criminal mischief. *See Amorella v. State*, 554 S.W.2d 700 (Tex.Cr.App.1977). The officer testified that he heard the sound of a large glass pane breaking and that he saw appellant walking away from the same area at a rapid pace. He further testified that appellant appeared to be nervous, as if he were in a hurry. The officer stated that no one else was in the area at the time he heard the sound of the breaking glass. The officer also testified that appellant left the scene in his car, driving at a speed which the officer considered to be excessive for an apartment complex. In light of these facts, we conclude that the officer could have reasonably suspected that either attempted burglary or criminal mischief had occurred and that ap-

pellant was connected to the activity. Consequently, we hold that the officer was justified in detaining appellant temporarily for investigation.

### 2. Seizure of the Marijuana

Appellant also contends that his motion to suppress should have been sustained because the marijuana was obtained as a result of an illegal search. He argues that even if the investigatory detention was justified, the officer had no right to make a search beyond the area under appellant's immediate control, and therefore, after appellant had been removed from the automobile, the officer was not justified in returning to search it.

We conclude that the officer's actions did not constitute such a "search" as to require a warrant because the marijuana was in plain view. An officer's use of a flash light to aid his vision does not transform an otherwise plain-view observation into an illegal search. *United States v. Arredondo-Hernandez*, 574 F.2d 1312 (5th Cir. 1978); *Onofre v. State*, 474 S.W.2d 699, 701 (Tex.Cr.App.1972). The marijuana in question was in a plastic "baggie," and apparently it was recognized by the officer before seizure. In this respect the case differs from *Howard v. State*, 599 S.W.2d 597 (Tex.Cr.App.1979), in which the contraband was in plain view but was not identified as such until after seizure.

Although neither the investigatory detention nor appellant's "dropping" motion may have been sufficient to authorize a search, we conclude that the circumstances reasonably justified the officer in walking back to the vehicle and placing himself in a position to observe whatever was in plain view. We hold that such observation did not constitute an unreasonable search in violation of appellant's rights under the Fourth Amendment, and, therefore, his motion to suppress was properly overruled.

Appellant insists that the facts of this case cannot be distinguished from those in *Branch v. State*, 599 S.W.2d 324 (Tex.Cr. App.1979). In that case, however, the con-

traband was not discovered until after an illegal search had taken place. Although the contraband was observed in plain view after the search, the majority opinion treats the discovery as a result of the illegal search. The majority opinion does not overrule the cases cited in the dissenting opinion for the rule that to observe contraband in plain view is not a search. *See Sherer v. State*, 502 S.W.2d 143 (Tex.Cr. App.1973); *Coleman v. State*, 500 S.W.2d 472 (Tex.Cr.App.1973). Neither do we read *Branch* as holding that observation of so much of the interior of an automobile as may be plainly viewed from the outside is such a search as to require a legal arrest, a legal search warrant, or other justifying circumstance.

Affirmed.