**Robert Earl BAILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00321–CR.**

Court of Appeals of Texas, Dallas.

Feb. 15, 1982.

Discretionary Review Refused May 19, 1982.

Kerry FitzGerald, Dallas, for appellant.

Ronald Hinds, Asst. Dist. Atty., Dallas, for appellee.

Before TED Z. ROBERTSON, STEPHENS and VANCE, JJ.

STEPHENS, Justice.

Robert Earl Bailey was convicted of possession of morphine. Trial was before the court, and punishment was assessed at nine years in the Texas Department of Corrections. Appellant contends that the morphine was seized as a result of an illegal detention and an illegal search and, thus, was improperly admitted into evidence. We overrule these contentions and affirm the conviction.

The record reflects that on November 28, 1979 at approximately 12:15 a.m., Officer Bruce Crowell was parked in an unmarked vehicle across the street from two 7-Eleven stores, one of which was open. The other was under construction. He testified that he was assigned to stake-out 7-Eleven stores in high crime areas, and that burglaries involving construction sites had been reported previously in the vicinity. ·Officer Crowell witnessed appellant stop his car in front of the 7-Eleven store under construction. The dome light in the car came on, and appellant appeared to be transferring objects from one box to another in the front seat. Appellant put one box in the back seat, got out of the car, and threw several other boxes into a dumpster located between the 7-Eleven stores. At this point, the officer approached appellant. He questioned appellant as to what he was doing, and appellant replied that he was throwing away some boxes for his boss. As the dome light in appellant's vehicle was still on, Officer Crowell observed a box in the back seat which was open and contained a smaller box labeled "phenobarbital." Inside the smaller box were several vials of liquid. Officer Crowell called for a backup unit, and following its arrival, the box was retrieved and its contents examined. The box was found to contain several controlled substances, including phenobarbital and morphine, and various injection needles. Appellant was placed under arrest at this time.

Appellant asserts that his temporary detention was unlawful because his conduct was as consistent with innocent activity as with criminal activity. It has been held that a temporary detention may be justified on facts that do not amount to the probable cause required for an arrest. *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *Shaffer v. State*, 562 S.W.2d 853 (Tex.Cr. App.1978). The totality of the circumstances surrounding the incident must be examined to determine whether the detention was reasonable. *Shaffer v. State, supra; Armstrong v. State*, 550 S.W.2d 25 (Tex.Cr. App.1976). Furthermore, the detaining officer must have knowledge of specific, articulable facts which, taken together with the rational inferences from those facts, reasonably warrant further detention of the individual while more information is obtained. *Ozuna v. State*, 587 S.W.2d 385 (Tex.Cr. App.1979). In order to satisfy this standard, the police officer must have a reasonable suspicion that some activity out of the ordinary has occurred; some suggestion to connect the person detained with the unusual activity; and some indication that the activity was related to crime. *Ozuna v. State, supra; Faulk v. State*, 574 S.W.2d 764 (Tex.Cr.App.1978).

In the case before us, the late hour of the activity, the fact that the area was identified as one of high crime and that burglaries had been reported there, and the fact that appellant parked his car in front of an unlighted construction site were specific facts known to or observed by Officer Crowell. The officer further testified that because of his experiences with prior burglary cases, appellant's behavior in shifting items between boxes and throwing some of the boxes away led him to suspect that appellant had committed a burglary and was disposing of the stolen goods he did not want. We conclude that Officer Crowell could reasonably suspect that appellant had committed a burglary based upon his observations and inferences drawn therefrom, to-

gether with his past experiences as a police officer. *See Amorella v. State,* 554 S.W.2d 700 (Tex.Cr.App.1977); *Onofre v. State,* 474 S.W.2d 699 (Tex.Cr.App.1972); *James v. State,* 629 S.W.2d 92 (Tex.Cr.App.—Dallas 1981). Consequently, the temporary detention of appellant was justified.

Appellant also contends that the morphine was improperly admitted into evidence because it was seized as a result of an unlawful search, arguing in this respect that the contraband was not in plain view, as contended by the State. Appellant relies upon *Howard v. State,* 599 S.W.2d 597 (Tex.Cr.App.1979). In *Howard,* the court held that a controlled substance was not in plain view where it was found inside a brown plastic medicine jar without exterior markings. However, in this case, the morphine was discovered inside a box labeled "phenobarbital," also a controlled substance.

■ A warrantless search and seizure is per se illegal, except for a few specifically established and well-delineated exceptions. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). One such exception permits evidence in plain view to be seized without a warrant. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Brown v. State,* 617 S.W.2d 196 (Tex.Cr.App.1981). However, the doctrine of "plain view" has three criteria: (1) a prior justification for an intrusion; (2) an inadvertent discovery of incriminating evidence; (3) which is immediately apparent to the officer. *Coolidge v. New Hampshire, supra.* Furthermore, the United States Supreme Court recently held in *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) that:

> " . . . the seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity."

Thus to determine whether the contraband was the fruit of an unlawful search in the present case, we look to Officer Crowell's testimony. While legitimately questioning appellant, he inadvertently observed a box labeled "phenobarbital" which contained glass vials inside a larger open box on the back seat of appellant's vehicle. The smaller box had some sort of shipping label on it. Officer Crowell testified that he was aware at the time that phenobarbital was a controlled substance in Texas. Although he testified that he did not know for certain what the box contained, its clear label[1] justified his belief that it contained contraband. Consequently, the criteria of the plain view doctrine were satisfied, and the box was legitimately seized.

■ Since the contents themselves were not in plain view, we must next consider whether Officer Crowell had probable cause to search the box and seize its contents. "Probable cause to search exists when the facts and circumstances before the officer would warrant a person of prudence and caution in believing that an offense had been or is being committed." *McCallum v. State,* 608 S.W.2d 222, 223 (Tex.Cr.App. 1980). Officer Crowell's observation of a box labeled "phenobarbital" and the glass vials it contained, together with his knowledge that phenobarbital was a controlled substance, were sufficient facts and circumstances to establish probable cause to search the box. *See Sanchez v. State,* 589 S.W.2d 422 (Tex.Cr.App.1979) (observation of syringe and other paraphernalia in appellant's vehicle furnished probable cause for arrest); *Razo v. State,* 577 S.W.2d 709 (Tex.Cr.App. 1979) (odor of marihauna provided probable cause to search appellant's vehicle). Since there was probable cause to search the open box, a warrant was unnecessary because of the automobile's mobility. *Robbins v. California,* 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981).

---

1. *Cf. McGlynn v. State,* Docket No. 67,435 (Tex.Cr.App.—December 23, 1981); *Thomas v. State,* 572 S.W.2d 507 (Tex.Cr.App.1976). In each case the court held that the mere viewing of a medicine bottle with a drug-store prescription label does not authorize a police officer to seize the bottle and examine its contents. In the instant case, there is no indication that the label on the box was a prescription label.

We hold that the detention, the seizure of the box, and a search of its contents were both justified and reasonable, and that the trial court did not err in admitting the morphine into evidence.

Affirmed.