**Dennis McKinley CLAPP, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–185–CR.**

Court of Appeals of Texas,
Fort Worth.

March 28, 1984.

Rehearing Denied May 9, 1984.

William W. Chambers, Fort Worth, for appellant.

Jerry Cobb, Dist. Atty., and Alan L. Levy, Asst. Dist. Atty., Denton, for the State.

Before HUGHES, ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant, Dennis McKinley Clapp, has appealed from his conviction by a jury of the offense of possession of a controlled substance with intent to deliver. The jury assessed punishment at ten years confinement in the Texas Department of Corrections and a fine of $5,000. Clapp has raised two grounds of error complaining that evidence obtained as a result of an illegal search was improperly admitted at his trial and that there was insufficient evidence to support the conviction.

We affirm.

In ground of error number two Clapp has complained that the evidence was insufficient to support his conviction, because no chain of custody was offered to show that the controlled substance (amphetamine) introduced at his trial was ever possessed by him. We note that at the trial his counsel stated he had "no objection" to the introduction of the evidence other than the objection counsel made that the evidence had been obtained as a result of an illegal search. We will address later the question of the illegality of the search in determining ground of error number one.

The evidence in question (5.3 ounces of powered amphetamines in two plastic baggies, State's exhibits 30 & 31) was introduced by the State at trial. The two plastic baggies of amphetamines had been found together with a .22 caliber pistol, $1000 dollars in folded $20 bills, and approximately 130 empty small plastic baggies, inside a briefcase found inside of an automobile Clapp had been driving.

The officer discovering the briefcase and two baggies of amphetamines identified them (State's exhibits 30 and 31) at trial as the ones he had found. He testified he seized the evidence from the automobile while searching it at the Lewisville Police Department on July 25, 1981. At trial the State's expert chemist witness identified exhibits 30 and 31 as the ones she tested on July 30, 1981. She testified the powder in each baggie was amphetamines and that she had received the exhibits from an officer employed by the Lewisville Police Department (not the one discovering the evidence in the auto). No other testimony was offered to connect the evidence seized with marking for identification, storage, testing, or transfer to offer at trial. There was no exact connecting testimony ordinarily expected in a chain of custody.

 Only after the State had rested its case did Clapp object that the State had failed to establish the chain of custody. We have reviewed the entire record and note that Clapp made no other timely objection. We find no objection to the introduction of the evidence on the grounds now

urged. Failure to make a timely objection to the introduction waives any error in the admission of the evidence. *Lejeune v. State,* 538 S.W.2d 775 (Tex.Cr.App.1976). It is fundamental that Clapp must make a timely objection in order to later complain of it and that objection must have been made at the earliest opportunity. *Marini v. State,* 593 S.W.2d 709 (Tex.Cr.App.1980). His failure to timely object waived any error in the admission of the evidence and presents nothing for this court to review. *Muniz v. State,* 573 S.W.2d 792 (Tex.Cr. App.1978), *cert. denied,* 442 U.S. 924, 99 S.Ct. 2850, 61 L.Ed.2d 291 (1979). An objection first made at the conclusion of the State's case in chief is not timely and presents nothing for review. *Hunter v. State,* 530 S.W.2d 573 (Tex.Cr.App.1975); *Jones v. State,* 471 S.W.2d 413 (Tex.Cr. App.1971). The basis for this rule is obvious. It affords all counsel an opportunity to correct evidentiary defects, if possible, at the critical time of offer. It precludes trials from proceeding on a false premise. As a fair, efficient and just rule it requires that in the trial of criminal cases a proper objection be made at the first opportunity. We have reviewed the evidence and find it was properly before the court and is sufficient to support the conviction. Ground of error two is overruled.

In ground of error number one Clapp complains that the search which produced the evidence of amphetamines was made without a valid warrant. The facts of the case specifically show as follows: Clapp, driving alone in the automobile, was stopped late at night by a Lewisville police officer for a traffic violation. Events not revealed at trial resulted in his being placed under arrest, unobjected to by Clapp. Incidental to that arrest the patrolman checked the interior of the automobile for weapons or contraband which might be in view and discovered three handguns, a shotgun, and a large amount of money in a plastic baggie. The officer further noted an extremely pungent chemical odor permeating the automobile. The car was towed to the police garage.

At the police garage an agent with the Drug Enforcement Administration was summoned. He was able to recognize the unusual smell eminating from the vehicle. Based upon his affidavit a search warrant was obtained to search the personal vehicle of Clapp for a nonnarcotic controlled drug (amphetamine) which might be concealed therein. Pursuant to the warrant the entire automobile and its contents were searched. In the trunk of the car several chemicals were found which expert testimony revealed would be used in the making of amphetamines. In the backseat of the car lying on the seat a brown locked briefcase was discovered and another handgun found in the glove box. The briefcase had been overlooked by the search of the arresting officer and had remained in the vehicle until found pursuant to the search warrant.

The specific event Clapp complains about is that another warrant was not obtained in order to open the briefcase found on the backseat. Instead of obtaining a second warrant, the officers pursuant to the authority of the warrant to search the automobile unlocked and opened the briefcase. Found in the briefcase was the $1000 dollars in folded $20 bills and the two baggies of amphetamines to be prepared apparently for sale, together with another (the fifth) handgun and papers identified at trial as being in the handwriting of Clapp. The evidence in the briefcase was introduced at the trial of the case and Clapp objected that the same had been obtained as the result of an illegal search.

We disagree.

■ Clapp did not object that the officers failed to have probable cause to obtain the warrant to search the automobile in the first place. There is no allegation that the officers failed to have good faith grounds based upon the facts and the odor which the officers smelled eminating from the car. The officers, in obtaining the warrant, had a right to search any place within the automobile where it is reasonable to expect contraband to be hidden. They found such a hiding place for such contraband, the

briefcase. It is now settled that the right to search the automobile contains with it the right to open any container found as a result of that search just as the right to search a room within a house contains authority, implicit in it, to open and search all drawers and containers found within the room. *See* Justice Stevens' dissent in *Robbins v. California*, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981). Since writing his dissent in the *Robbins v. California*, *supra*, case, Justice Stevens has written for a plurality of the court in the landmark case of the *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

 The issue is now resolved that: if probable cause justifies the search of a lawfully stopped vehicle it justifies the search of every part of the vehicle and its contents that may conceal the objects of the search. *Ross, supra*, 102 S.Ct. at p. 2172. Further it is settled that a warrant to search an automobile justifies opening suitcases found inside the car to search for marihuana. *United States v. DeSimone*, 660 F.2d 532 (5th Cir.1981) *cert. denied* in co-defendant's appeal *Butler v. United States*, 455 U.S. 1027, 102 S.Ct. 1732, 72 L.Ed.2d 149 (1982).

The issue confronting this court has been dealt with clearly in the case of *United States v. Ross, supra*. There a warrantless search of a vehicle was made, and heroin found in a brown paper sack together with money which indicated the individual in possession was involved in the offense of, and resulted in a conviction for his possessing the heroin with the intent to distribute it. The specific point on appeal was that although the officers may have had probable cause to stop and search the automobile, including the trunk, without a warrant (in our case the officers obtained a warrant) they should not have opened a paper bag or leather pouch found in the automobile without first obtaining a warrant (in our case a second warrant). The plurality of the Supreme Court held with Justice Stevens writing the opinion that:

A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapons might be found. A warrant to open a footlocker to search for marijuana would also authorize the opening of packages found inside. A warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search. When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand. *Ross, supra*, 102 S.Ct. at p. 2170.

Justice Stevens discusses the rationale behind permitting such a search under the purview of the Fourth Amendment of the United States Constitution. He reasons and concludes as follows:

A container that may conceal the object of a search authorized by a warrant may be opened immediately; the individual's interest in privacy must give way to the magistrate's official determination of probable cause.

In the same manner, an individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband. Certainly the privacy interests in a car's trunk or glove compartment may be no less than those in a movable container. An individual undoubtedly has a significant interest that the upholstery of his automobile will not be ripped or a hidden compartment within it opened. These interests must yield to the authority of a search, however, which—in light of *Car-*

*roll* [*v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543]—does not itself require the prior approval of a magistrate. The scope of a warrantless search based on probable cause is no narrower—and no broader—than the scope of a search authorized by a warrant supported by probable cause. Only the prior approval of the magistrate is waived; the search otherwise is as the magistrate could authorize. *Ross supra,* 102 S.Ct. at p. 2171.

It is clear that the effect of this reasoning is to finally provide that reasonableness will prevail in the search of an automobile. In our case the officers did have probable cause to obtain and obtained a warrant to search the vehicle for nonnarcotic controlled substances. Justice Stevens wrote in his opinion, "[t]he scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *Ross, supra,* 102 S.Ct. at 2172. The United States Supreme Court's conclusion is;

We hold that the scope of the warrantless search authorized by that exception is no broader and no narrower than a magistrate could legitimately authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *Ross, supra,* 102 S.Ct. at p. 2172.

 We find no Texas case law authority limiting further the scope of such a search of an automobile except for the case relied upon by appellant. *Araj v. State,* 592 S.W.2d 603 (Tex.Cr.App.1979). The majority in the *Araj* case relied upon the Supreme Court's holdings in the case of *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and on *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). The United States Supreme Court in the *Ross* case discussed its prior holdings in *Chad-*

*wick* and *Arkansas v. Sanders* and Justice Stevens in distinguishing those cases stated as follows:

The parties in *Robbins* had not pressed that argument, however, and Justice POWELL concluded that institutional constraints made it inappropriate to reexamine basic doctrine without full adversary presentation. He concurred in the judgment, since it was supported—although not compelled—by the Court's opinion in *Sanders,* and stated that a future case might present a better opportunity for thorough consideration of the basic principles in this troubled area.

That case has arrived. Unlike *Chadwick* and *Sanders,* in this case police officers had probable cause to search respondent's entire vehicle. Unlike *Robbins,* in this case the parties have squarely addressed the question whether, in the course of a legitimate warrantless search of an automobile, police are entitled to open containers found within the vehicle. We now address that question. *Ross, supra,* 102 S.Ct. at p. 2168.

Justice Stevens further said:

Our decision today is inconsistent with the disposition in *Robbins v. California* and with the portion of the opinion in *Arkansas v. Sanders* on which the plurality in *Robbins* relied. Nevertheless, the doctrine of *stare decisis* does not preclude this action. Although we have rejected some of the reasoning in *Sanders,* we adhere to our holding in that case; although we reject the precise holding in *Robbins,* there was no Court opinion supporting a single rationale for its judgment and the reasoning we adopt today was not presented by the parties in that case.... Of greatest importance, we are convinced that the rule we apply in this case is faithful to the interpretation of the Fourth Amendment that the Court has followed with substantial consistency throughout our history. *Ross, supra,* 102 S.Ct. at p. 2172.

Justice Stevens had noted previously at page 2167 that:

It is clear, however, that in neither *Chadwick* nor *Sanders* did the police have probable cause to search the vehicle or anything within it except the footlocker in the former case and the green suitcase in the latter. *Ross, supra.*

The conclusion reached by the United States Supreme Court in the *Ross* case leads to the finding by this court that the opinion in the case of *Araj v. State, supra,* inasmuch as it relied upon the *United States v. Chadwick, supra,* and *Arkansas v. Sanders, supra,* would no longer control the search of an automobile under the circumstances of this case. We hold that during the search of an automobile, there is no constitutional necessity to obtain a second warrant prior to opening, or to authorize the immediate opening, of any bags, parcels, boxes, briefcases, or other items found in a place lawfully being searched under authority of a first warrant, when those contents or places in the automobile might conceal the object of the search. We find that the search was lawful, and the contraband seized as a result of the search was properly admitted into evidence. We overrule ground of error number one.

The judgment is affirmed.