**Affirmed and Memorandum Opinion filed October 31, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00704-CR

---

**CHRISTI ANN HERRERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 155th District Court**
**Waller County, Texas**
**Trial Court Cause No. 13,756**

---

## M E M O R A N D U M   O P I N I O N

Appellant Christi Ann Herrera entered a plea of guilty to possession of a controlled substance in exchange for a sentence of three years' probation. Prior to entering her plea, appellant filed a motion to suppress in which she alleged law enforcement authorities violated the United States and Texas Constitutions in arresting her and seizing evidence. The trial court denied the motion to suppress and appellant appeals from that ruling. We affirm.

Sergeant Noel Shelton of the Hempstead Police Department was on a routine patrol one night in an area known for illegal drug traffic. He saw a man he knew as Luis Nieta and suspected there was an outstanding warrant against Nieta. When Nieta saw Shelton he went inside a nearby mobile home. Shelton called his dispatcher who reported there were active arrest warrants against Nieta. As Shelton walked up the driveway to the mobile home, he saw appellant sitting in a vehicle with the driver's door open. Appellant asked Shelton what he was doing and Shelton explained he was there to execute a warrant. As he was speaking with appellant, Shelton detected the odor of marijuana. He asked appellant whether she had been smoking marijuana and she said she had not. Shelton noticed appellant's purse in appellant's lap or directly to her side, and asked whether she had any illegal drugs in the purse. Appellant responded that she did not know if there were illegal drugs in her purse. Shelton suspected appellant had illegal drugs in her purse and asked her to step out of the car while he searched the purse and the vehicle. In the purse, Shelton found two plastic bags of marijuana, drug paraphernalia, and two and one half ecstasy pills. Shelton arrested appellant for possession of controlled substances. It is undisputed that the search was warrantless and without appellant's consent.

Prior to trial, appellant filed a motion to suppress the evidence seized from her purse on the grounds that Shelton violated her rights under the United States and Texas Constitutions by arresting her without a warrant. At the hearing on appellant's motion, appellant argued that the faint odor of marijuana did not demonstrate probable cause for appellant's arrest.

The trial court took the motion under advisement and issued a ruling the following week. In a letter ruling, the trial court determined:

Facts:

The Defendant was the lone, seated occupant of a parked vehicle with an open door out of which the "faint odor of marijuana emanated" late at night at a trailer house with reported drug activity in a known drug area of Hempstead, Texas. The officer asked a couple of questions, then asked if there were drugs in the Defendant's purse at which point the Defendant became nervous. The officer seized and searched the purse, discovering drugs.

Ruling:

After considering the evidence and authorities submitted, the Court is of the opinion that under the totality of the circumstances of the evidence presented, the Defendant's Motion to Suppress should be Denied.

In a single issue, appellant argues the "faint odor of marijuana" near a parked vehicle, standing alone, does not provide sufficient probable cause to arrest and search the purse belonging to the only occupant of the vehicle.

When reviewing a trial court's ruling on a motion to suppress, an appellate court must apply a standard of abuse of discretion and overturn the trial court's ruling only if it is outside the zone of reasonable disagreement. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). We use a bifurcated standard of review, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations. *Id*. at 922–23.

In a hearing on a motion to suppress, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). When the trial court files findings of fact with its ruling on a motion to suppress, an appellate court does not engage in its own factual review, but determines only whether the

record supports the trial court's fact findings. *Flores v. State*, 177 S.W.3d 8, 13–14 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Under this deferential standard of review, an appellate court should only disturb a trial court's findings of fact if they are clearly erroneous. *See Manzi v. State*, 88 S.W.3d 240, 254 (Tex. Crim. App. 2002). To determine whether a fact finder's decision is clearly erroneous, appellate courts examine the record to see whether the ruling leaves them with the "definite and firm conviction that a mistake has been committed." *Guzman v. State*, 85 S.W.3d 242, 254 (Tex. Crim. App. 2002) (*quoting U.S. v. Fernandez*, 887 F.2d 564, 567 (5th Cir.1989)).

A warrantless search is valid if the State proves that the officer had probable cause at the time the search was conducted and there were exigent circumstances or the automobile exception applies. *Dickey v. State*, 96 S.W.3d 610, 612 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Probable cause exists when the facts and circumstances, within the knowledge of the officer, would lead a person of reasonable caution and prudence to believe that an instrumentality of a crime or evidence will be found. *Moulden v. State*, 576 S.W.2d 817, 819 (Tex. Crim. App. 1978). When determining probable cause, the focus is on the facts and circumstances known to law enforcement officials at the time of the search. *Wiede v. State*, 214 S.W.3d 17, 26 (Tex. Crim. App. 2007). The odor of marijuana alone is sufficient to establish probable cause, allowing the search of a person, car, or objects within the car. *Isam v. State*, 582 S.W.2d 441, 444 (Tex. Crim. App. 1979); *Dickey v. State*, 96 S.W.3d at 613. Shelton testified that he detected the smell of marijuana and that the area was known for illegal drug activity. We conclude that the officer had probable cause at the time the search was conducted.

Appellant relies on two cases to support his argument that the detection of the odor of marijuana is not sufficient to provide probable cause to arrest. *See*

*Johnson v. U.S.*, 333 U.S. 10, 13 (1948) and *People v. Harshbarger*, 24 Ill. App.3d 335, 321 N.E.2d 138, 140–41 (1974). Each of those cases is distinguishable, however. *Johnson* involved a search of an individual's home, rather than a car. *Johnson*, 333 U.S. at 15. ("The search was of permanent premises, not of a movable vehicle.") We are not bound by the Illinois *Harshbarger* decision, which nevertheless has been abrogated by the Illinois Supreme Court.[1] *See People v. Stout*, 106 Ill.2d 77, 477 N.E.2d 521 (1985) (odor alone can be sufficient probable cause); *see also People v. Gibson*, 2012 Ill. App. 110009-U (Oct. 3, 2012).

A warrantless search of an automobile based on probable cause is justified under the United States and Texas Constitutions because a vehicle can be quickly moved out of the location or jurisdiction in which the warrant must be sought, making obtaining a warrant impractical. *Stout*, 477 N.E.2d at 525–26. (finding the automobile exception applies to an unoccupied car that was parked and locked).[2]

Appellant argues that the automobile exception should not apply in this case because the vehicle was stopped and the driver's door was open. However, the justification to conduct a warrantless search of a vehicle does not vanish once the vehicle has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant. *Michigan v. Thomas*, 458 U.S. 259, 261 (1982). We conclude that the automobile exception applies.

---

[1] *Harshbarger* involved an arrest based solely on the odor of marijuana and the issuance of a warrant to search a car based on the same allegations.

[2] The automobile exception to the Fourth Amendment of the United States Constitution does not require the existence of exigent circumstances in addition to probable cause. *State v. Guzman*, 959 S.W.2d 631, 634 (Tex. Crim. App. 1998).

Appellant also argues that the automobile exception does not extend to appellant's purse, as she had a "general expectation of privacy." However, in a vehicle, an individual's expectation of privacy may yield to probable cause. If probable cause justifies the search of a vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *See U.S. v. Ross*, 456 U.S. 798, 824–25 (1982) ("The scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found."); *Clapp v. State*, 669 S.W.2d 812, 815 (Tex. App.—Fort Worth, 1984, pet. ref'd) (applying *Ross* to permit search of briefcase in automobile).

In this case, the automobile exception applies and the police officer had probable cause to search the vehicle and its contents, including appellant's purse, where the object of the search may have been found. Accordingly, we hold the trial court did not abuse its discretion in overruling appellant's motion to suppress. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.


/s/    Martha Hill Jamison
Justice



Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).