**Joe Odell STEPHEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 65923.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 19, 1984.

Barry G. Johnson, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, William Kane, Jack Strickland, Michael Maloney and J.M. McEntire, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Appellant was convicted of burglary of a habitation. Punishment, enhanced by a prior conviction, was assessed at fifty years confinement.

In his first ground of error appellant contends that the trial court erred in failing to grant his motion to suppress evidence concerning items seized from the trunk of his vehicle. Appellant divides his argument into two subpoints: (1) the State did not meet its burden of proving a proper inventory; and (2) if the search of the trunk was an inventory, it was illegal. Appellant correctly states that the burden of proving a proper inventory is on the State. *Benavides v. State*, 600 S.W.2d 809 (Tex. Cr.App.1980).

During the hearing on appellant's motion to suppress, Officer Mae Hurd of the Fort Worth police department testified that she and Officer J.D. Caraway were on routine patrol during the early morning hours of September 27, 1979, when they observed appellant's car make an abrupt left turn without signaling. The officers pulled over the appellant's car and, as the appellant's car slowed to a stop, two of the passengers jumped out of the back seat of the car and ran off. Officer Caraway exited the police car and pursued the two fleeing individuals. Meanwhile, Officer Hurd radioed the situation into the dispatcher and remained at the scene with appellant and his female passenger. When Caraway returned to the scene after a fruitless pursuit, the officers asked appellant to step out of the car and to produce his driver's license. While the officers wrote out a traffic citation, the dispatcher radioed them that there was a felony warrant out for appellant's arrest.

Appellant was immediately arrested. When appellant's companion was asked to produce some identification, she told the officers that she had no identification with her. After running a warrant check on the name she gave them, the officers advised appellant's companion that she was free to leave.

Both officers testified that after determining that appellant's companion was not a relative nor the registered owner of the car and after observing some items inside the passenger side of the car, they decided to inventory the contents of the car and impound the car in accordance with the policy of the Fort Worth police department. Officer Caraway testified that he found a leather jacket draped over the front seat of the car and a wallet on the floorboard of the right front side of the car. After removing the keys from the car's ignition, he used the trunk key to open the trunk. Inside the trunk he found a rumpled paper bag which was open at the top. Caraway testified that he could see into the sack immediately without picking it up. Looking into the sack he saw several 8-track tape cartridges. Testimony at trial showed that the leather jacket and the 8-track tape cartridges were taken in the instant offense.

In *Benavides v. State*, supra, this Court stated that one of the instances in which an automobile may be validly impounded and inventoried is where "the driver is removed from his automobile and placed under custodial arrest and no other alternatives are available other than impoundment to insure the protection of the vehicle. *Evers v. State*, 576 S.W.2d 46 (Tex.Cr.App.1978); *Christian v. State*, 592 S.W.2d [625] (Tex.Cr.App.1980); *Daniels v. State*, supra." *Benavides v. State*, supra at 811. See also *Gary v. State*, 647 S.W.2d 646, 649 (Tex.Cr.App.1983) (Opinion on Rehearing). In the case at bar, after appellant was arrested, the only alternative available was to let appellant's passenger take possession of the car. However, she was unable to furnish any kind of identifi-

cation, not even a driver's license, so the officers appropriately refused to release the car to her.[1] The record does not suggest there was any other alternative available to the officers and appellant, in his brief, does not attempt to suggest that such an alternative existed.

■ Appellant argues that since no written inventory was ever produced and offered into evidence, the State failed in its burden to prove a proper inventory. A contention similar to appellant's was overruled in *Evers v. State*, 576 S.W.2d 46, 49 (Tex.Cr.App.1978), where this Court found that the State satisfied its burden concerning the inventory through the testimony of the officers that an inventory policy existed and that the policy was followed. There was no need to introduce into evidence a written inventory. We find the State satisfied its burden of proving a proper inventory.

■ Appellant relies on *Gill v. State*, 625 S.W.2d 307 (Tex.Cr.App.1981) for the proposition that even if the inventory was valid, it should not have extended to the locked trunk of the car. However, we believe the instant case can be distinguished from *Gill v. State*, supra. In *Gill*, we held that forcible entry of a locked trunk during an inventory was an unlawful intrusion under both the State and Federal Constitutions. The police in *Gill* employed the aid of a wrecker driver to remove the back seat of the vehicle in order to gain access to the vehicle's trunk and to tow the vehicle to a private storage facility. Had they not forced their way into the trunk, the police in *Gill* would have had no means of access and would have been free from any claims of tampering with appellant's property located in the trunk of the car. In the instant case, there was no forced entry. Officer Caraway removed the car keys from the ignition and proceeded to inventory the

contents of the trunk. As a means of protection against possible future claims of theft of property by the police from the trunk, the officers properly conducted an inventory of the trunk of the car. *Williams v. State*, 621 S.W.2d 613, 615 (Tex. Cr.App.1981). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant argues that the officers should not have inventoried the items contained in the paper bag which was in the trunk of the car. Appellant cites *Araj v. State*, 592 S.W.2d 603 (Tex.Cr.App.1979), and argues that he was using the paper bag as a repository for his personal effects and thus retained an expectation of privacy in the paper bag. The State responds that, among other reasons, since the bag was open and its contents visible to the officer, *Araj v. State*, is not on point. We find neither of these arguments to be dispositive of this ground of error. Rather we turn to the recent Supreme Court opinion in *Illinois v. Lafayette*, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983), in which the Court upheld police department policies requiring the inventory of an arrestee's personal effects, including "container" items. The Court reasoned that although it would be reasonable for police departments to seal containers rather than inventory them, it was also reasonable for the police to inventory them to protect the property contained therein and to protect themselves from false claims of theft. The Court found that even though there existed "less intrusive alternatives", the police policy was not rendered unreasonable.

We find the same reasoning applicable to inventory searches of container items found in trunks of cars. Even though other "less intrusive alternatives" exist, it is reasonable police policy to inventory the

1. The officers testified that they were following the policy of the Fort Worth police department which provided that a car should be impounded whenever the driver is arrested and a relative or the registered owner of the car is not on the scene. We find this policy much too narrow in that it does not allow the use of other reason-

able alternatives. Clearly, in the instant case if appellant's companion had had a valid driver's license and it was appellant's desire to leave his car with his companion, the officers should have respected his wishes. See *Daniels v. State*, 600 S.W.2d 813, 815 (Tex.Cr.App.1980).

items contained in those containers. We find that in the instant case Officer Caraway acted appropriately in inventorying the items contained in the paper bag which was located in the trunk of appellant's car. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant complains of the following jury argument:

"MR. MALONEY: ... This man went to the penitentiary in March of 1976 for fifteen years for three different burglaries. He comes out—

"MR. JOHNSON: I am going to object to the statements outside the record.

"THE COURT: Sustained.

"MR. JOHNSON: The documents will speak for themselves. I would ask the court to instruct the jury not to consider the statement for any purpose.

"THE COURT: The jury will not consider the statement for any purpose.

"MR. MALONEY: All right, this man went to the penitentiary for five years on this conviction and five years on this conviction and five years on this conviction. He gets caught in 1979 and convicted again of yet another burglary.

"MR. JOHNSON: Your Honor, I am going to object to the time·elements that counsel is injecting into his final argument as being outside the record and inappropriate.

"THE COURT: Overruled."

Appellant argues that the prosecutor's argument urged the jury to consider the parole law in assessing appellant's punishment. Furthermore, he argues that the prosecutor intentionally misstated the facts when he said appellant was sent to prison for fifteen years. He points out that the evidence before the jury showed that the sentences in all three of the burglary convictions began on March 22, 1976, and therefore ran concurrently.

Our reading of the prosecutor's argument shows that the prosecutor was merely arguing that the appellant deserved a long sentence. Prior to the argument set out above the prosecutor had argued that the evidence showed that appellant had already had several prior convictions, including a chance at probation and had apparently not learned his lesson. We find the argument in this case very similar to the argument which a panel of this Court approved in *Harrell v. State*, 643 S.W.2d 686, 690 (Tex.Cr.App.1982). Just as in *Harrell v. State*, supra, the remark does not appear to have been intended to persuade the jury to consider the State's parole laws in assessing punishment. *Compare Clark v. State*, 643 S.W.2d 723 (Tex.Cr.App.1982) and *Kearney v. State*, 630 S.W.2d 934 (Tex.Cr.App.1982) with *Daniels v. State*, 633 S.W.2d 899 (Tex.Cr.App.1982). In the instant case, the prosecutor never referred to the parole laws and we cannot say from the record that he crossed the line into the forbidden area of jury argument on parole laws. We find that his argument was a proper summation of evidence and a plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973). Appellant's third ground of error is overruled.

■ Appellant has filed a pro se brief in this appeal. Although he is not entitled to hybrid representation we have reviewed the brief and find the contentions therein to be without merit.

The judgment is affirmed.

CLINTON, Judge, dissenting.

Reasons given by me in *Gary v. State*, 647 S.W.2d 646, at 649 (Tex.Cr.App.1983), *Backer v. State*, 656 S.W.2d 463, at 465–467 (Tex.Cr.App.1983) and *Ward v. State*, 659 S.W.2d 643, at 649, n. 6 (Tex.Cr.App. 1983) are enough to show that an "inventory" like this one is a charade played out to cover a general search of a motor vehicle— scripted by opinions from this Court, some of which are those cited above, advancing amiable legal fiction.

The notion that government is free to impose its will upon citizens and their effects or possessions in the manner done in this cause is rejected by literal constitutional language designed, written and adopted to provide the very security against inva-

sions of privacy condoned by the majority (again). Adding to all that an utterly gratuitous application to possessions in the trunk of an automobile on a public street of what was permitted peace officers at a station house by the Supreme Court in *Illinois v. Lafayette*, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983), demonstrates just how near full circle we have come in 1984. See *Brown v. State*, 657 S.W.2d 797, 799 (Tex.Cr.App.1983) (Concurring Opinion).

In the instant case, driving in early morning hours, the citizen "made an abrupt left turn without signaling," and lost his rights because his companion could not produce "identification."

I dissent.

TEAGUE, Judge, dissenting.

In my view, the majority opinion implicitly overrules the principles of law that this Court stated in *Gill v. State*, 625 S.W.2d 307 (Tex.Cr.App.1981) (On State's Motion for Rehearing), regarding an "inventory search" of a locked automobile trunk.

This Court in *Gill v. State*, supra, expressly held, inter alia, that "Absent a showing of probable cause and exigent circumstances, a warrantless search of a locked automobile trunk is per se illegal." (319).

This Court also expressly held in *Gill v. State*, supra, that "the expression, 'inventory search,' is not a talisman in whose presence the Fourth Amendment or Art. 1, Section 9, of the Texas Constitution fades away and disappears." (318–319). After re-reading the majority opinion, it is apparent to me that its author has implicitly reworded the expression. By the majority opinion, it now reads, "the expression, 'inventory search,' *is* a talisman in whose presence the provisions of the respective Constitutions governing warrantless searches and seizures without probable cause fade away."

From the facts stated in the majority opinion, it is obvious to me that when the police officer unlocked the locked automobile trunk, he was then in the act of conducting a warrantless search. The facts stated in the majority opinion do not reflect that he acted with probable cause. Such a search used to be unlawful action by the police, which caused any seized evidence to be excluded at trial.

I also dissent to the majority opinion's disposition of appellant's third ground of error, which relates to jury argument by the prosecuting attorney. Unless one suffers from myopia, it should be obvious to anyone that the prosecuting attorney was not arguing that appellant deserved a long sentence, but, instead, was expressing his opinion why our laws governing how long a prisoner will serve are ineffective, which, of course, used to be improper jury argument.

For all of the above reasons, I respectfully dissent.

MILLER, Judge, dissenting.

I dissent for the reasons given in my dissent to *Kelley v. State*, 677 S.W.2d 34 (Tex.Cr.App. delivered this day).