**Joel YAWS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–99–00139–CR.**

Court of Appeals of Texas, Texarkana.

Argued Oct. 26, 2000.

Decided Jan. 9, 2001.

Opinion Overruling Rehearing Feb. 6, 2001.

Stephen T. Arnold, Texarkana, for appellant.

Nicole Habersang, Asst. Atty. Gen., Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Joel Yaws appeals from his conviction for possession of cocaine in an amount less than one gram. Yaws filed a pretrial motion to suppress the cocaine, which the trial court overruled. Thereafter, he entered a conditional guilty plea pursuant to a plea agreement, reserving his right to appeal. The trial court found him guilty and sentenced him to two years' confinement, but suspended the imposition of the sentence and placed him on five years' community supervision. Yaws contends the trial court erred in overruling his suppression motion.

Yaws was arrested at the business of Roger Dean in Texarkana. Earlier that morning, Dean had been involved in a dispute with Yaws over some checks Yaws had written. Yaws left, but promised to return at 11:00 a.m. Dean called the Bowie County Sheriff's Office, fearing that Yaws' return could lead to violence.

Deputy Ricky Smith testified that he was inside Dean's business at 11:00 a.m. when Yaws arrived in his pickup truck. Recognizing Yaws from a previous arrest, Smith checked to see if he had any outstanding warrants. Finding that Yaws had an outstanding warrant for failing to appear on a disorderly conduct charge, Smith placed Yaws under arrest. Deputy Joe Langehinnig arrived and began inventory and impound procedures while Smith transported Yaws to jail. Langehinnig testified that he discovered the cocaine in the ashtray of Yaws' truck during the inventory search.

Smith and Langehinnig testified that sheriff's office policy requires a vehicle be inventoried and impounded when the driver is arrested and an immediate family member is not on the scene to take possession. They testified that the inventory is conducted at the scene before the vehicle is impounded. Yaws had asked that Smith call his wife, who he said could be at the scene within fifteen minutes to get the truck, but Smith refused. Smith and Langehinnig testified they did not suspect that Yaws' truck contained drugs.

At a suppression hearing, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses and the weight of their testimony. *Green v. State*, 934 S.W.2d 92, 98 (Tex.Crim.App. 1996). Therefore, an appellate court must

view the record and draw all reasonable inferences therefrom in the light most favorable to the trial court's ruling. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex. Crim.App.1996). Furthermore, the appellate court must sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.; Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).

■■■ The general rule is that an appellate court should afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's determination of those facts is based on an evaluation of credibility and demeanor. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We are also to afford such deference to a trial court's ruling on the "application of law to fact questions" if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* Questions not turning on credibility and demeanor may be reviewed by appellate courts de novo. *Id.*

In *Carmouche v. State,* 10 S.W.3d 323, 327–28 (Tex.Crim.App.2000), the Texas Court of Criminal Appeals, when faced as we are by an absence of explicit findings of fact, assumed that the trial court made implicit findings that buttressed its conclusions, provided those implicit findings were supported by the record. The court also reviewed de novo the trial court's application of the relevant Fourth Amendment standards. *Id.* at 328. We will apply this same standard.

■■■ After making a lawful arrest, an officer may search a suspect's vehicle for the purpose of taking an inventory. *Colorado v. Bertine,* 479 U.S. 367, 371, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); *Stephen v. State,* 677 S.W.2d 42, 44 (Tex.Crim.App. 1984); *Backer v. State,* 656 S.W.2d 463, 464 (Tex.Crim.App.1983). Such a search is lawful as a valid exception to the warrant requirement of the Fourth Amendment because the policies behind the warrant requirement are not implicated in an inventory search. *Bertine,* 479 U.S. at 371, 107 S.Ct. 738. In fact, issues of probable cause are irrelevant because inventory searches are conducted not to investigate criminal activity, but to protect the owner's property while it is in police custody to ensure against claims of lost, stolen, or vandalized property and to guard the police from danger. *Id.* at 371–72, 107 S.Ct. 738; *Illinois v. Lafayette,* 462 U.S. 640, 643–44, 646–47, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983).

■■■ An inventory search is permissible if it is conducted according to a standard administrative procedure and is not merely "a ruse for a general rummaging in order to discover incriminating evidence." *Florida v. Wells,* 495 U.S. 1, 4, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990); *see also Lafayette,* 462 U.S. at 646, 103 S.Ct. 2605. The State has the burden of demonstrating compliance with its procedure, and its failure to show evidence that the search was conducted pursuant to its procedure invalidates the search. *Gauldin v. State,* 683 S.W.2d 411, 415 (Tex.Crim.App.1984), *overruled on other grounds, State v. Guzman,* 959 S.W.2d 631 (Tex.Crim.App.1998).

■■■ However, adherence to a procedure, by itself, will not justify an inventory search if the initial seizure of the vehicle violates the defendant's rights. *See Stephen,* 677 S.W.2d at 44 n. 1. Before an inventory search is lawful, there must first be a lawful impoundment. *Daniels v. State,* 600 S.W.2d 813, 814 (Tex.Crim. App. [Panel Op.] 1980); *Benavides v. State,* 600 S.W.2d 809, 810 (Tex.Crim.App. [Panel Op.] 1980). An impoundment is lawful if, among other reasons, "the driver is removed from his automobile and placed under custodial arrest and no other alternatives are available other than impoundment to insure the protection of the vehicle." *Benavides,* 600 S.W.2d at 811; *see also Daniels,* 600 S.W.2d at 814–15.

724

In *Stephen*, the Texas Court of Criminal Appeals stated that a police policy requiring a vehicle be impounded when the driver is arrested and a relative or the registered owner of the car is not on the scene was too narrow in failing to allow the use of other reasonable alternatives. *Stephen*, 677 S.W.2d at 44 n. 1. That policy is similar to the Bowie County Sheriff's Office policy at issue in the present case, and Yaws contends that the sheriff's office policy is violative of his rights. But even if the impoundment policy could be construed as too narrow in certain cases, it is not too narrow as applied to Yaws. The record reveals that there was no other person on the scene, whether related to Yaws or otherwise, who could take possession of his truck.

Yaws contends the sheriff's office policy ignored the reasonable alternative of having his wife come to the scene within fifteen minutes to take possession of his truck. However, Texas courts have generally found impoundment to be reasonable when the driver was alone when arrested or when passengers could not show they were licensed drivers. *Stephen*, 677 S.W.2d at 43–44 (passenger unable to produce identification or driver's license); *Backer*, 656 S.W.2d at 464 (defendant alone when arrested on a public street and police could not contact friend for whom defendant requested the car be left); *Daniels*, 600 S.W.2d at 814–15 (passengers did not have operators' licenses and both the defendant's identity and the vehicle's owner were in doubt). Courts have not required police to try to contact a relative or friend of the accused to come to the scene to take possession of the vehicle.

In the present case, there is no indication that the police were using the inventory search as a pretext for discovering evidence. The officers testified about Bowie County's policy regarding inventory searches and impoundments, and their adherence to that policy. The officers acted reasonably to protect the truck and its contents. We overrule Yaws' contention.

The trial court's judgment is affirmed.

## OPINION ON REHEARING

Yaws has filed a second motion for rehearing in which he contends:

[T]he undisputed evidence is that there is no other possibility [than that the police had] an investigatory motive [for conducting the inventory search]. The evidence was that Appellant's vehicle was situated behind a fence on the property of a third party at the time of the arrest; that, [sic] the vehicle did not create a public safety hazard; that, [sic] the vehicle was not evidence of any crime; and, that, [sic] the officers had actual knowledge of the availability of Appellant's wife. The only conclusion is that there was absolutely no reason to impound the car.

The evidence shows that Yaws arrived at Dean's business, parked his truck in front of the business, went inside briefly, went back outside, and then drove his truck to the side of the business, a fenced and gated area where goods were normally picked up. Smith arrested him before he got out of his truck. Smith told him to drive the truck to the front, where he placed Yaws into custody.

While it is true that Smith admitted the vehicle did not create a public safety hazard and that Smith instructed Yaws to drive the truck from the fenced area to the front of the business, the vehicle was still located on the property of a third party with whom Yaws had recently had a dispute. As mentioned in our opinion on original submission, an impoundment is lawful if "no other alternatives are available other than impoundment to insure the protection of the vehicle." *Benavides v. State*, 600 S.W.2d 809, 811 (Tex.Crim.App. [Panel Op.] 1980); *see also Daniels v. State*, 600 S.W.2d 813, 814–15 (Tex.Crim. App. [Panel Op.] 1980).

While it is also true that Yaws told police that his wife could be on the scene in fifteen minutes to pick up the vehicle, this does not amount to "actual knowledge" as Yaws alleges. It only means that the police had "actual knowledge" that Yaws *said* that his wife could be on the scene in fifteen minutes. As noted in our opinion on original submission, even if Smith believed that Yaws' wife was fifteen minutes away, courts have not required police to try to contact a relative or friend of the accused to take possession of the vehicle. We decline to impose such a requirement because it could result in the police remaining at the scene longer than reasonably necessary.

 We also disagree with Yaws' contention that the evidence leads to the conclusion that the police had an investigatory motive. Smith testified he decided to impound the vehicle as a consequence of making the arrest. He also testified that he did not even look inside the truck while arresting Yaws. In addition, Smith and Langehinnig both testified that they did not suspect Yaws' truck contained drugs.

Yaws' motion for rehearing also raises an equal protection argument regarding the inventory policy. He did not raise this issue in the trial court or on original submission before this Court. Therefore, we decline to discuss it.

Yaws' second motion for rehearing is overruled.