RIDDLE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-02-231-CR

         2-02-232-CR

GARY EDWARD RIDDLE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In two issues, Appellant appeals from two pleas of no contest, asserting that the trial court erred in denying his motion to suppress evidence that was collected during two searches, one of Appellant’s truck and the other of his home.  Appellant complains that had the trial court not denied his motion to suppress, he would not have pleaded no contest to the two offenses.  We affirm.

II.  Factual and Procedural Background

In 2001, Appellant was charged with three drug offenses, two of which form the bases of these appeals.  Appellant was charged with delivery of four to 200 grams of methamphetamine on July 11, 2001 in Cause No. F-2001-1010-B (“1010”).
(footnote: 2)  He was also charged  in Cause No. F-2001-1011-B (“1011”) for the possession of between one and four grams of methamphetamine discovered on July 14, 2001 during a warrantless inventory search of his truck.  Additionally, Appellant was charged in Cause No. F-2001-1313-B (“1313”) for possession with intent to deliver between four and two hundred grams of methamphetamine discovered on September 28, 2001 during a search of his home. 

On February 27, 2002, for each of the three charged offenses, Appellant filed a motion to sever that offense from the other two causes.  The trial court granted Appellant’s motion to sever Cause No. 1010 from Cause Nos. 1011 and 1313.  On April 10, 2002, in a document styled with all three cause numbers, the State filed a notice of its intention to introduce extraneous offense evidence from Cause Nos. 1010, 1011, and 1313, among other matters.  In response, Appellant filed a motion to suppress evidence from Cause Nos. 1011 and 1313 from the trial in Cause No. 1010.  

In April 2002, after pleading not guilty to the offense of delivery of a controlled substance, as charged in Cause No. 1010, Appellant was tried and convicted by a jury in that cause.  During the punishment phase of the trial in Cause No. 1010, when the State began to offer evidence of extraneous offenses, Appellant reurged his motion to suppress, which had not been heard or ruled on before trial.  The State was attempting to offer, among other things, extraneous offense evidence from Cause Nos. 1011 and 1313.  

On three occasions during the punishment phase in Cause No. 1010, the court heard testimony outside the jury’s presence to determine whether evidence should be suppressed.  The second of these interludes concerned a July 14, 2001 inventory search and methamphetamine found in that search (Cause No. 1011).  The State offered the testimony of Officer Robin Barrow as evidence of the circumstances surrounding the inventory search of Appellant’s impounded truck.  During the third interlude, the State presented the testimony of Officer Kirk Beauchamp as evidence of the events concerning the entry into Appellant’s house on September 28, 2001 and the subsequent seizure of drugs, a gun, and other items (Cause No. 1313).  

Following argument regarding the September 28 search, the court denied Appellant’s motion to suppress.  The State presented its remaining punishment evidence in Cause No. 1010, and the jury assessed his punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.
(footnote: 3)  

Appellant later entered into an agreement with the State wherein he decided to plead no contest to the offenses for which he was charged in Cause Nos. 1011 and 1313.  During the May 24, 2002 plea hearing in those causes, the trial court, Appellant, and his attorney discussed the consequences of pleading guilty or nolo contendere and how that decision would affect his right to appeal.  The following exchange occurred:

[Defense Counsel]:  Yes, Your Honor, we just want to make sure it’s on the record that we did have a motion to suppress on this particular case.

The Court:  Okay.

[Defense Counsel]:  And we would, with the court’s permission, we would offer substantially the same information if we were to have another suppression hearing on that.  But we’re going to rely on the suppression hearing we had prior to this setting on that particular cause.  And he will be requesting an appeal on that particular case.  But he does understand that.

. . . .

The Court:  Okay.  I will qualify that to say that you can appeal on things heard prior to trial or pretrial motions to suppress and that kind of thing.  But, otherwise, you probably don’t have a right to appeal.

Do you understand that?

The Defendant:  Yes.  

The trial court accepted Appellant’s pleas and sentenced him to one year confinement in the state jail for the possession offense and ten years’ confinement in TDCJ for the offense of possession with intent to deliver.  Appellant timely filed his notices of appeal in Cause Nos. 1011 and 1313, asking us to review the trial court’s denial of his motion to suppress. 

III.  Standard of Review

We review a trial court’s denial of a motion to suppress for an abuse of discretion.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  An appellate court will not reverse a trial court’s ruling unless that ruling falls outside the zone of reasonable disagreement.  
Zuliani v. State
, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).  We afford almost total deference to a trial court’s determination of the historical facts that the record supports, especially when the trial court’s fact findings are based upon an evaluation of credibility and demeanor.  
State v. Ross
, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).  We afford the same amount of deference to the trial court’s rulings on mixed questions of law and fact, if the resolution of those questions turns on an evaluation of credibility and demeanor.  
Carmouche
, 10 S.W.3d at 327; 
Guzman v. State
, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).  We review de novo the trial court’s application of law to those facts in the determination of reasonable suspicion and probable cause.  
Carmouche
, 10 S.W.3d at 327; 
Guzman
, 955 S.W.2d at 88-89.

When the trial court does not make explicit findings of historical facts, we view the evidence in the light most favorable to the trial court’s ruling and assume that the trial court made implicit findings of fact supporting its ruling, if those findings are supported by the record.  
Carmouche
, 10 S.W.3d at 327-28.  In determining whether a trial court’s decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later.  
Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
, 519 U.S. 1043 (1996).

IV.  Cause No. 1011:  

Possession of One to Four Grams of Methamphetamine

In his first issue, Appellant complains that the trial court erred in denying his motion to suppress the evidence that was obtained during the search of his truck.  Specifically, Appellant contends that the search violated his constitutional rights because it was a pretextual inventory search with an investigatory motive.  We disagree.

The State presented the following evidence during the suppression hearing.  On July 11, 2001, Appellant was arrested by the narcotics task force. His truck was seized by the task force and was impounded at the task force’s warehouse.  Officer Barrow, who was the task force’s financial manager, testified outside the presence of the jury that on July 14, 2001, she searched Appellant’s truck and found a small amount of drugs in a mesh compartment behind the driver’s seat.  When asked why she searched Appellant’s truck, she stated that Appellant had called to request the return of his personal property. 

Officer Barrow agreed that the normal procedure whenever a car is impounded is to perform an inventory search.  She testified that the department policy was that an inventory search be performed within a week from the time a vehicle has been impounded.  Officer Barrow stated, “We do it as soon as we can get to it, within a week.  Normally, it’s the next day after”; however, she testified that she conducted the inventory search of Appellant’s truck three days after it was impounded in response to his request for his personal property.  She testified that she was the only employee who had the keys to his vehicle and that no one else had entered his truck. 

The State contends that Appellant failed to preserve error on his first issue because he did not reurge his motion to suppress and did not get an adverse ruling concerning Cause No. 1011.  
See 
Tex. R. App. P.
 33.1(a)(2)(A).  While the court did expressly deny the portion of the motion to suppress specifically dealing with evidence relating to Cause No. 1313, the court did not expressly rule on the portion of Appellant’s motion to suppress that specifically dealt with the evidence seized in the July 14 inventory search.  We must therefore determine whether the trial court implicitly overruled this portion of Appellant’s motion to suppress.  
See id.
;
 Gutierrez v. State
, 36 S.W.3d 509, 511 (Tex. Crim. App. 2001) (remanding appeal to intermediate appellate court to consider whether trial court’s ruling on motion to suppress was implicit).

A trial court’s ruling on a motion may be implied when the court’s actions or statements unquestionably indicate a ruling.  
See Rey v. State
, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995).  After the State passed Officer Barrow, the court asked, “Are there going to be any objections to her testimony?”  One of Appellant’s attorneys stated, “Just one second, Judge,” and then his other attorney replied, “We’re ready for the jury, Judge.”  The jury returned; the court said, “Go ahead”; and Officer Barrow testified to the events surrounding the July 14 inventory search of Appellant’s truck.  Based on the trial court’s action in allowing the State to present Officer Barrow’s testimony to the jury, we hold that the court implicitly overruled Appellant’s motion to suppress evidence from the inventory search.  
See id.

While we do not agree with the State’s argument that Appellant failed to preserve error in Cause No. 1011, we are not persuaded by Appellant that the search of his truck violated his constitutional rights.  An inventory search is a search conducted after an arrest and is an exception to the warrant requirement of the Fourth Amendment.  
U.S. Const. 
amend. IV; 
Colorado v. Bertine
, 479 U.S. 367, 371, 107 S. Ct. 738, 741 (1987); 
South Dakota v. Opperman
, 428 U.S. 364, 370, 96 S. Ct. 3092, 3097 (1976); 
Jurdi v. State
, 980 S.W.2d 904, 906 (Tex. App.—Fort Worth 1998, pet. ref’d).  Valid inventory searches serve three purposes:  (1) protecting the owner’s property while it is in police custody; (2) protecting the police against claims or disputes over lost or stolen property; and (3) protecting the police or public from potential danger.  
Opperman
, 428 U.S. at 369, 96 S. Ct. at 3097.

An inventory search must be conducted in accordance with a standard administrative policy and cannot merely be a pretext for an investigatory search or “a ruse for a general rummaging in order to discover incriminating evidence.”  
Florida v. Wells
, 495 U.S. 1, 4, 110 S. Ct. 1632, 1635 (1990); 
Bertine
, 479 U.S. at 373-74, 107 S. Ct. at 742; 
see Moberg v. State
, 810 S.W.2d 190, 195 (Tex. Crim. App. 1991).  The State bears the burden of proving (1) that an inventory policy existed and (2) that the policy was followed.  
See Moberg
, 810 S.W.2d at 195; 
see also Yaws v. State
, 38 S.W.3d 720, 724 (Tex. App.—Texarkana 2001, pet. ref’d) (op. on reh’g) (upholding validity of inventory search where officers testified to the department policy regarding inventory searches and their adherence to that policy).  Failure to meet this burden invalidates the search.  
Gauldin v. State
, 683 S.W.2d 411, 415 (Tex. Crim. App. 1984), 
overruled on other grounds
, 
State v. Guzman
, 959 S.W.2d 631 (Tex. Crim. App. 1998).

Here, Officer Barrow testified that the department had a policy to conduct inventory searches of impounded vehicles within a week of the impoundment.  Officer Barrow further testified that, in accordance with this policy, Appellant’s vehicle was searched three days after it was impounded.  Appellant did not challenge the reasonableness of the policy during the suppression hearing.  Further, we must defer to the trial court’s implicit determination of the historical facts and mixed questions of fact and law that the record supports, especially when the trial court’s fact findings are based upon an evaluation of credibility and demeanor.  
Ross
, 32 S.W.3d at 856; 
Carmouche
, 10 S.W.3d at 327; 
Guzman
, 955 S.W.2d at 88-89.  As such, we conclude that the trial court did not abuse its discretion in overruling Appellant’s motion to suppress evidence concerning Cause No. 1011.  
See 
 
Carmouche
, 10 S.W.3d at 327; 
Yaws
, 38 S.W.3d at 724.  We therefore overrule Appellant’s first issue.

V.  Cause No. 1313:  

Possession with Intent to Deliver Four to 200 Grams of Methamphetamine

In his second issue, Appellant complains that the trial court erred in denying his motion to suppress with respect to the following evidence that was obtained during the search of his home:  two baggies of a white powdery substance, a FEMA identification card, around thirty grams of certified amphetamine, a set of scales, four ingesting devices, miscellaneous paraphernalia, a 9mm handgun, and three boxes of ammunition.  The State argues that Appellant has waived appellate review of the challenged evidence because  each time the State offered the seized items into evidence, Appellant stated, “No objection.”  

When a motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal.  
Moraguez v. State
, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); 
Williams v. State
, 834 S.W.2d 502, 507 (Tex. App.—Fort Worth 1992, pet. ref’d).  However, when the defendant affirmatively asserts during trial that he has “no objection” to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the prior ruling. 
 Dean v. State
, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); 
see also Harris v. State
, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983).  Therefore, because defense counsel specifically stated that he had “no objection” to the admission of the evidence taken from Appellant, we must agree with the State’s waiver argument and hold that the issue has not been preserved for review.  Accordingly, we overrule Appellant’s second issue.

VI.  Conclusion

Having overruled both of Appellant’s issues, we affirm the trial court’s judgments.

PER CURIAM

PANEL F: GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  AUGUST 21, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
In support of their arguments on appeal, Appellant and the State refer us to the suppression hearing, which is found in the record of Cause No. 1010.  We take judicial notice of the record in Cause No. 1010 because the three cases involve “the same, or related proceedings involving the same or nearly the same parties.”  
Reynolds v. State
, 548 S.W.2d 733, 734 n.1 (Tex. Crim. App. 1977) (taking judicial notice of the record from another related drug offense involving the same or nearly the same parties and citing 
Huffman v. State
, 479 S.W.2d 62, 68 (Tex. Crim. App. 1972) and 
Ex parte Flores
, 537 S.W.2d 458, 460 n.3 (Tex. Crim. App. 1976)); 
see
 
Tex. R. Evid
. 201;
 Ex parte Sotelo
, 878 S.W.2d 179, 181 (Tex. App.—Fort Worth 1993, pet. ref’d) (“[A]n appellate court will take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties. . . .”).

3:
In a separate opinion, we affirmed Appellant’s conviction and sentence in Cause No. 1010.  
See Riddle v. State
, No. 2-02-157-CR, slip op. at 7, 2003 WL 1786025, at *3 (Tex. App.—Fort Worth Apr. 3, 2003, pet. filed) (mem. op.) (not designated for publication).