COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NOS.
2-02-231-CR
       2-02-232-CR
 
GARY EDWARD RIDDLE    
                                                        APPELLANT
V.
THE STATE OF TEXAS                                                                    
STATE
------------
FROM THE 158
TH
DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM
OPINION(1)
------------
I. Introduction
In two issues, Appellant appeals from two pleas of no contest, asserting that
the trial court erred in denying his motion to suppress evidence that was
collected during two searches, one of Appellant's truck and the other of his
home. Appellant complains that had the trial court not denied his motion to
suppress, he would not have pleaded no contest to the two offenses. We affirm.
II. Factual and Procedural Background
In 2001, Appellant was charged with three drug offenses, two of which form
the bases of these appeals. Appellant was charged with delivery of four to 200
grams of methamphetamine on July 11, 2001 in Cause No. F-2001-1010-B
("1010"). (2) He was also charged in
Cause No. F-2001-1011-B ("1011") for the possession of between one and
four grams of methamphetamine discovered on July 14, 2001 during a warrantless
inventory search of his truck. Additionally, Appellant was charged in Cause No.
F-2001-1313-B ("1313") for possession with intent to deliver between
four and two hundred grams of methamphetamine discovered on September 28, 2001
during a search of his home.
On February 27, 2002, for each of the three charged offenses, Appellant filed
a motion to sever that offense from the other two causes. The trial court
granted Appellant's motion to sever Cause No. 1010 from Cause Nos. 1011 and
1313. On April 10, 2002, in a document styled with all three cause numbers, the
State filed a notice of its intention to introduce extraneous offense evidence
from Cause Nos. 1010, 1011, and 1313, among other matters. In response,
Appellant filed a motion to suppress evidence from Cause Nos. 1011 and 1313 from
the trial in Cause No. 1010.
In April 2002, after pleading not guilty to the offense of delivery of a
controlled substance, as charged in Cause No. 1010, Appellant was tried and
convicted by a jury in that cause. During the punishment phase of the trial in
Cause No. 1010, when the State began to offer evidence of extraneous offenses,
Appellant reurged his motion to suppress, which had not been heard or ruled on
before trial. The State was attempting to offer, among other things, extraneous
offense evidence from Cause Nos. 1011 and 1313.
On three occasions during the punishment phase in Cause No. 1010, the court
heard testimony outside the jury's presence to determine whether evidence should
be suppressed. The second of these interludes concerned a July 14, 2001
inventory search and methamphetamine found in that search (Cause No. 1011). The
State offered the testimony of Officer Robin Barrow as evidence of the
circumstances surrounding the inventory search of Appellant's impounded truck.
During the third interlude, the State presented the testimony of Officer Kirk
Beauchamp as evidence of the events concerning the entry into Appellant's house
on September 28, 2001 and the subsequent seizure of drugs, a gun, and other
items (Cause No. 1313).
Following argument regarding the September 28 search, the court denied
Appellant's motion to suppress. The State presented its remaining punishment
evidence in Cause No. 1010, and the jury assessed his punishment at life
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice. The trial court sentenced him accordingly. (3)
Appellant later entered into an agreement with the State wherein he decided
to plead no contest to the offenses for which he was charged in Cause Nos. 1011
and 1313. During the May 24, 2002 plea hearing in those causes, the trial court,
Appellant, and his attorney discussed the consequences of pleading guilty or
nolo contendere and how that decision would affect his right to appeal. The
following exchange occurred:

         [Defense Counsel]: Yes, Your
 Honor, we just want to make sure it's on the record that we did have a motion
 to suppress on this particular case.
         The Court: Okay.
         [Defense Counsel]: And we would,
 with the court's permission, we would offer substantially the same information
 if we were to have another suppression hearing on that. But we're going to
 rely on the suppression hearing we had prior to this setting on that
 particular cause. And he will be requesting an appeal on that particular case.
 But he does understand that.
         . . . .
         The Court: Okay. I will qualify
 that to say that you can appeal on things heard prior to trial or pretrial
 motions to suppress and that kind of thing. But, otherwise, you probably don't
 have a right to appeal.
         Do you understand that?
         The Defendant: Yes.

The trial court accepted Appellant's pleas and sentenced him to one year
confinement in the state jail for the possession offense and ten years'
confinement in TDCJ for the offense of possession with intent to deliver.
Appellant timely filed his notices of appeal in Cause Nos. 1011 and 1313, asking
us to review the trial court's denial of his motion to suppress.
III. Standard of Review
We review a trial court's denial of a motion to suppress for an abuse of
discretion. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000); Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). An
appellate court will not reverse a trial court's ruling unless that ruling falls
outside the zone of reasonable disagreement. Zuliani v. State, 97
S.W.3d 589, 595 (Tex. Crim. App. 2003). We afford almost total deference to a
trial court's determination of the historical facts that the record supports,
especially when the trial court's fact findings are based upon an evaluation of
credibility and demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim.
App. 2000). We afford the same amount of deference to the trial court's rulings
on mixed questions of law and fact, if the resolution of those questions turns
on an evaluation of credibility and demeanor. Carmouche, 10 S.W.3d at
327; Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). We
review de novo the trial court's application of law to those facts in the
determination of reasonable suspicion and probable cause. Carmouche, 10
S.W.3d at 327; Guzman, 955 S.W.2d at 88-89.
When the trial court does not make explicit findings of historical facts, we
view the evidence in the light most favorable to the trial court's ruling and
assume that the trial court made implicit findings of fact supporting its
ruling, if those findings are supported by the record. Carmouche, 10
S.W.3d at 327-28. In determining whether a trial court's decision is supported
by the record, we generally consider only evidence adduced at the suppression
hearing because the ruling was based on it rather than evidence introduced
later. Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim. App.), cert.
denied, 519 U.S. 1043 (1996).
IV. Cause No. 1011:
Possession of One to Four Grams of
Methamphetamine
In his first issue, Appellant complains that the trial court erred in denying
his motion to suppress the evidence that was obtained during the search of his
truck. Specifically, Appellant contends that the search violated his
constitutional rights because it was a pretextual inventory search with an
investigatory motive. We disagree.
The State presented the following evidence during the suppression hearing. On
July 11, 2001, Appellant was arrested by the narcotics task force. His truck was
seized by the task force and was impounded at the task force's warehouse.
Officer Barrow, who was the task force's financial manager, testified outside
the presence of the jury that on July 14, 2001, she searched Appellant's truck
and found a small amount of drugs in a mesh compartment behind the driver's
seat. When asked why she searched Appellant's truck, she stated that Appellant
had called to request the return of his personal property.
Officer Barrow agreed that the normal procedure whenever a car is impounded
is to perform an inventory search. She testified that the department policy was
that an inventory search be performed within a week from the time a vehicle has
been impounded. Officer Barrow stated, "We do it as soon as we can get to
it, within a week. Normally, it's the next day after"; however, she
testified that she conducted the inventory search of Appellant's truck three
days after it was impounded in response to his request for his personal
property. She testified that she was the only employee who had the keys to his
vehicle and that no one else had entered his truck.
The State contends that Appellant failed to preserve error on his first issue
because he did not reurge his motion to suppress and did not get an adverse
ruling concerning Cause No. 1011. See Tex. R. App. P. 33.1(a)(2)(A).
While the court did expressly deny the portion of the motion to suppress
specifically dealing with evidence relating to Cause No. 1313, the court did not
expressly rule on the portion of Appellant's motion to suppress that
specifically dealt with the evidence seized in the July 14 inventory search. We
must therefore determine whether the trial court implicitly overruled this
portion of Appellant's motion to suppress. See id.; Gutierrez v.
State, 36 S.W.3d 509, 511 (Tex. Crim. App. 2001) (remanding appeal to
intermediate appellate court to consider whether trial court's ruling on motion
to suppress was implicit).
A trial court's ruling on a motion may be implied when the court's actions or
statements unquestionably indicate a ruling. See Rey v. State, 897
S.W.2d 333, 336 (Tex. Crim. App. 1995). After the State passed Officer Barrow,
the court asked, "Are there going to be any objections to her
testimony?" One of Appellant's attorneys stated, "Just one second,
Judge," and then his other attorney replied, "We're ready for the
jury, Judge." The jury returned; the court said, "Go ahead"; and
Officer Barrow testified to the events surrounding the July 14 inventory search
of Appellant's truck. Based on the trial court's action in allowing the State to
present Officer Barrow's testimony to the jury, we hold that the court
implicitly overruled Appellant's motion to suppress evidence from the inventory
search. See id.
While we do not agree with the State's argument that Appellant failed to
preserve error in Cause No. 1011, we are not persuaded by Appellant that the
search of his truck violated his constitutional rights. An inventory search is a
search conducted after an arrest and is an exception to the warrant requirement
of the Fourth Amendment. U.S. Const. amend. IV; Colorado v. Bertine,
479 U.S. 367, 371, 107 S. Ct. 738, 741 (1987); South Dakota v. Opperman,
428 U.S. 364, 370, 96 S. Ct. 3092, 3097 (1976); Jurdi v. State, 980
S.W.2d 904, 906 (Tex. App.--Fort Worth 1998, pet. ref'd). Valid inventory
searches serve three purposes: (1) protecting the owner's property while it is
in police custody; (2) protecting the police against claims or disputes over
lost or stolen property; and (3) protecting the police or public from potential
danger. Opperman, 428 U.S. at 369, 96 S. Ct. at 3097.
An inventory search must be conducted in accordance with a standard
administrative policy and cannot merely be a pretext for an investigatory search
or "a ruse for a general rummaging in order to discover incriminating
evidence." Florida v. Wells, 495 U.S. 1, 4, 110 S. Ct. 1632, 1635
(1990); Bertine, 479 U.S. at 373-74, 107 S. Ct. at 742; see Moberg
v. State, 810 S.W.2d 190, 195 (Tex. Crim. App. 1991). The State bears the
burden of proving (1) that an inventory policy existed and (2) that the policy
was followed. See Moberg, 810 S.W.2d at 195; see also Yaws v. State,
38 S.W.3d 720, 724 (Tex. App.--Texarkana 2001, pet. ref'd) (op. on reh'g)
(upholding validity of inventory search where officers testified to the
department policy regarding inventory searches and their adherence to that
policy). Failure to meet this burden invalidates the search. Gauldin v.
State, 683 S.W.2d 411, 415 (Tex. Crim. App. 1984), overruled on other
grounds, State v. Guzman, 959 S.W.2d 631 (Tex. Crim. App. 1998).
Here, Officer Barrow testified that the department had a policy to conduct
inventory searches of impounded vehicles within a week of the impoundment.
Officer Barrow further testified that, in accordance with this policy,
Appellant's vehicle was searched three days after it was impounded. Appellant
did not challenge the reasonableness of the policy during the suppression
hearing. Further, we must defer to the trial court's implicit determination of
the historical facts and mixed questions of fact and law that the record
supports, especially when the trial court's fact findings are based upon an
evaluation of credibility and demeanor. Ross, 32 S.W.3d at 856; Carmouche,
10 S.W.3d at 327; Guzman, 955 S.W.2d at 88-89. As such, we conclude
that the trial court did not abuse its discretion in overruling Appellant's
motion to suppress evidence concerning Cause No. 1011. See Carmouche,
10 S.W.3d at 327; Yaws, 38 S.W.3d at 724. We therefore overrule
Appellant's first issue.
V. Cause No. 1313:
Possession with Intent to Deliver Four to 200
Grams of Methamphetamine
In his second issue, Appellant complains that the trial court erred in
denying his motion to suppress with respect to the following evidence that was
obtained during the search of his home: two baggies of a white powdery
substance, a FEMA identification card, around thirty grams of certified
amphetamine, a set of scales, four ingesting devices, miscellaneous
paraphernalia, a 9mm handgun, and three boxes of ammunition. The State argues
that Appellant has waived appellate review of the challenged evidence because
each time the State offered the seized items into evidence, Appellant stated,
"No objection."
When a motion to suppress evidence is overruled, the defendant need not
subsequently object at trial to the same evidence in order to preserve error on
appeal. Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); Williams
v. State, 834 S.W.2d 502, 507 (Tex. App.--Fort Worth 1992, pet. ref'd).
However, when the defendant affirmatively asserts during trial that he has
"no objection" to the admission of the complained of evidence, he
waives any error in the admission of the evidence despite the prior ruling. Dean
v. State, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); see also Harris v.
State, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983). Therefore, because
defense counsel specifically stated that he had "no objection" to the
admission of the evidence taken from Appellant, we must agree with the State's
waiver argument and hold that the issue has not been preserved for review.
Accordingly, we overrule Appellant's second issue.
VI. Conclusion
Having overruled both of Appellant's issues, we affirm the trial court's
judgments.
 
                                                                       
PER CURIAM
 
PANEL F: GARDNER, HOLMAN, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: AUGUST 21, 2003

1. See Tex. R. App. P. 47.4.
2. In support of their arguments on appeal, Appellant and
the State refer us to the suppression hearing, which is found in the record of
Cause No. 1010. We take judicial notice of the record in Cause No. 1010 because
the three cases involve "the same, or related proceedings involving the
same or nearly the same parties." Reynolds v. State, 548 S.W.2d
733, 734 n.1 (Tex. Crim. App. 1977) (taking judicial notice of the record from
another related drug offense involving the same or nearly the same parties and
citing Huffman v. State, 479 S.W.2d 62, 68 (Tex. Crim. App. 1972) and Ex
parte Flores, 537 S.W.2d 458, 460 n.3 (Tex. Crim. App. 1976)); see
Tex. R. Evid. 201; Ex parte Sotelo, 878 S.W.2d 179, 181 (Tex.
App.--Fort Worth 1993, pet. ref'd) ("[A]n appellate court will take
judicial notice of its own records in the same or related proceedings involving
the same or nearly the same parties. . . .").
3. In a separate opinion, we affirmed Appellant's
conviction and sentence in Cause No. 1010. See Riddle v. State, No.
2-02-157-CR, slip op. at 7, 2003 WL 1786025, at *3 (Tex. App.--Fort Worth Apr.
3, 2003, pet. filed) (mem. op.) (not designated for publication).