In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00122-CR
______________________________


RANDALL ROBERT LIBERTO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 20383


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Randall Robert Liberto was convicted by a jury of possession of a controlled substance,
to-wit: Alprazolam in an amount of more than 200 grams but less than 400 grams.


 The jury found
that Liberto had been convicted in Oklahoma of two prior felony offenses and assessed his
punishment at life imprisonment.


 The only issue raised in Liberto's appeal is an allegation that the
warrantless search of his vehicle violated the Fourth Amendment to the United States Constitution
and Article I, Section 9 of the Texas Constitution and, therefore, the evidence found from such
search should have been excluded. Finding that the evidence was properly admitted, we overrule
Liberto's point of error and affirm the judgment of the trial court. 
            On or about July 7, 2004, Officer J. D. Simmons of the Paris Police Department responded
to a call from the operator of a local convenience store regarding an automobile leaving the store
without paying for gasoline. As Simmons was talking with the clerk of the convenience store,
Liberto drove back to the store to ask for directions to Oklahoma City. He was identified by the
store operator. Liberto stated he thought his brother had paid for the gasoline. Liberto then paid for
the gasoline and left, as the store operator did not wish to prosecute. Simmons noticed that Liberto
had slightly slurred speech, but at that time, did not detect an odor of an alcoholic beverage. As
Liberto left the parking lot, he drove his vehicle in front of another vehicle and almost caused an
accident. Simmons then stopped Liberto based on his suspicion that he was impaired. Simmons
asked Liberto if he had been drinking any alcohol, to which he responded, "[N]o, you can look
around in the car." Simmons looked into the interior of the vehicle and found a red cooler in the
back seat with open containers of vodka and Kahlua, an unopened bottle of champagne, and three
empty beer cans. When asked about the alcohol found in the vehicle, Liberto responded that there
was no alcohol in the car, but it was in the trunk, and that he and his brother had been sharing the
alcohol on their trip from El Paso. Simmons then conducted field sobriety tests of Liberto. After
completing the sobriety tests, Simmons concluded Liberto had lost the normal use of his mental and
physical faculties by the consumption of alcohol and placed him under arrest. Officer Brent Brown
responded to Simmons' request for assistance. Brown assisted in searching the vehicle passenger
compartment and observed a seat and panel were pulled up, which appeared to be suspicious. 
Beneath the back seat, Brown found a plastic baggie taped with brown tape, which contained a
substance determined to be Alprazolam, commonly known as Xanax. Even though Liberto's brother
was a passenger, the vehicle could not be released to him because he did not have a driver's license. 
A wrecker was called to tow Liberto's automobile. The officers testified they performed an inventory
search of the vehicle. The trunk of the vehicle was opened by depressing a button in the glove
compartment. Inside the trunk, two additional baggies were discovered packaged in the same
manner as that found underneath the back seat of the vehicle. A chemist identified the substance in
the baggies as Alprazolam, or Xanax. The substance, comprised of approximately 1,500 tablets,
weighed a total of 381.90 grams. 
            Liberto argues the trial court erred in allowing into evidence items from the search of the
trunk, as this was an area beyond Liberto's immediate reach or control and was not pursuant to a
proper inventory search. He maintains this is harmful error because, without the controlled
substance seized from the trunk, the total weight of the substance would be less than 200 grams.


 
Liberto does not contend that his initial stop or arrest was improper or that the search of the
passenger compartment of his vehicle was not warranted (officers are entitled to search the area
within the arrestee's immediate control for weapons or evidence). See Chimel v. California, 395 U.S.
752, 763 (1969). As part of this exception to the warrant requirement, when a lawful arrest of a
vehicle's occupant has been made, the police may search the passenger compartment of that vehicle
incident to the arrest. New York v. Belton, 453 U.S. 454, 460 (1981); State v. Gray, 158 S.W.3d 465,
470 (Tex. Crim. App. 2005).
            However, Liberto asserts the search of the trunk of the vehicle was improper as either a
search incident to a lawful arrest or as an inventory search. The State counters the search was
justified because the officer had developed sufficient facts and information to allow him to
reasonably conclude that a crime had been committed and that additional contraband might be in the
trunk, and therefore, he had probable cause to search the entire vehicle. Further, the State argues the
search of the trunk was also pursuant to a policy of the local police department to inventory all
vehicles that are impounded.
            We review de novo a trial court's determination of probable cause. Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). However, we afford almost total deference to a trial court's
determination of historical facts that the record supports, especially when the findings are based on
an evaluation of credibility and demeanor. Id. In reviewing a ruling on a question of the application
of the law to facts, we review the evidence in the light most favorable to the trial court's ruling.  Id.
Probable Cause
            Under both the United States and Texas Constitutions, a police officer may conduct a
warrantless search of an automobile if the officer has probable cause to believe there is evidence of
a crime located somewhere inside the vehicle. Carroll v. United States, 267 U.S. 132, 158–59
(1925); Powell v. State, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994). In determining probable
cause, courts must consider the totality of the circumstances. Probable cause exists when the facts
and circumstances within the officer's knowledge about which he or she has reasonably trustworthy
information are sufficient in themselves to warrant a person of reasonable caution to believe that he
or she will find evidence pertaining to a crime.  Craddock v. State, 553 S.W.2d 765, 767 (Tex. Crim.
App. 1977).
            Here, Liberto does not contest that the officer had probable cause to stop the vehicle. When
asked if he had consumed alcohol, Liberto immediately invited the officer to look in the vehicle, at
which time open containers of alcoholic beverages were found. He, likewise, does not contest the
arrest for driving while intoxicated (DWI). The officer had the right to perform a search incident to
the arrest for DWI, which would include the passenger compartment of the vehicle. See Belton, 453
U.S. 454. When searching the passenger compartment of the vehicle, Simmons and Brown found
a plastic baggie wrapped with brown tape, which contained a controlled substance. The substance
was found underneath the back seat on the passenger's side of the vehicle. They also observed that
a seat and panel were pulled up, which Simmons testified led him to believe other illegal items might
be hidden. "When a peace officer possesses probable cause that a motor vehicle contains contraband
. . . a valid search can be conducted in the area of the vehicle where facts justify the officer's belief
that such evidence is there concealed." Delgado v. State, 718 S.W.2d 718, 722 (Tex. Crim. App.
1986). Thus, a search of a car trunk may be justified by specific, articulable facts that give probable
cause to believe the contraband is concealed in the trunk. Id.


 Here, the officers had personal
knowledge that Liberto's vehicle contained open containers of alcoholic beverages and some form
of a controlled substance. Further, the sobriety tests and the near collision reasonably led to a
conclusion that Liberto was operating the vehicle without the use of his normal physical or mental
faculties by reason of the use of alcohol or drugs, or a combination of the two. We believe the
totality of the circumstances known to the officer at the time led to a reasonable conclusion that other
contraband might be found in the trunk of the car. Therefore, the search of the trunk was authorized
due to the probable cause to believe the trunk contained contraband.
Inventory Search
            Liberto argues, citing Autran v. State, 887 S.W.2d 31 (Tex. Crim. App. 1994), that the Texas
Court of Criminal Appeals has recognized that the State constitutional protection in the context of
inventory searches exceeds that of the United States Constitution. However, this Court and several
other courts of appeals


 have noted that the Autran case was a three-judge plurality opinion and is
nonbinding precedent. Madison v. State, 922 S.W.2d 610, 613 (Tex. App.—Texarkana 1996, pet.
ref'd); Hatcher v. State, 916 S.W.2d 643, 645 (Tex. App.—Texarkana 1996, pet. ref'd). We reject
Liberto's argument that the Texas Constitution provides greater protection concerning inventory
searches than the Fourth Amendment to the United States Constitution.
            After making a lawful arrest, an officer may search a suspect's vehicle for the purpose of
taking an inventory. Yaws v. State, 38 S.W.3d 720, 723 (Tex. App.—Texarkana 2001, pet. ref'd)
(citing Colorado v. Bertine, 479 U.S. 367, 371 (1987); Stephen v. State, 677 S.W.2d 42, 44 (Tex.
Crim. App. 1984); Backer v. State, 656 S.W.2d 463, 464 (Tex. Crim. App. 1983)). Such a search
is lawful as a valid exception to the warrant requirement of the Fourth Amendment. Issues of
probable cause are irrelevant because inventory searches are conducted not to investigate criminal
activity, but to protect the owner's property while it is in police custody or to ensure against claims
of lost, stolen, or vandalized property and to guard the police from danger. Yaws, 38 S.W.3d at 723. 
Before an inventory search is lawful, there must first be a lawful impoundment. Daniels v. State,
600 S.W.2d 813, 814 (Tex. Crim. App. [Panel Op.] 1980); Benavides v. State, 600 S.W.2d 809, 810
(Tex. Crim. App. [Panel Op.] 1980). Impoundment has been found to be reasonable when the driver
was alone or when passengers could not show they were licensed drivers. Stephen, 677 S.W.2d at
43–44 (passenger unable to produce identification or driver's license); Daniels, 600 S.W.2d at
814–15 (passenger did not have operator's license and both the defendant's identity and the vehicle's
owner were in doubt).
            In this case, it is unchallenged Liberto was properly arrested for DWI and was taken into
custody. Further, the officers had impounded his vehicle and had requested a tow truck. Liberto's
brother, the only passenger in the vehicle, could not produce evidence he had a valid driver's license. 
Entry was gained to the trunk of the vehicle without the use of force. Finally, Simmons testified the
Paris Police Department had a policy to inventory a vehicle any time it was impounded. Therefore,
the search of the trunk of the vehicle was also authorized as a result of a legitimate inventory of a
vehicle that had been impounded after the arrest of a driver when there was no other alternative than
impoundment to ensure the protection of the vehicle and its contents. See Benavides, 600 S.W.2d
at 811.
            We affirm the judgment of the trial court.




                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          May 26, 2006
Date Decided:             June 13, 2006

Do Not Publish