

# IN THE
# TENTH COURT OF APPEALS

─────────────

### No. 10-08-00243-CR

**THOMAS LEON BYRD,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

─────────────

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2007-1823-C1

─────────────────────────────

## MEMORANDUM  OPINION

─────────────────────────────

Thomas Leon Byrd appeals the denial of a motion to suppress evidence that was the subject of an inventory search conducted on his vehicle pursuant to being impounded, during which cocaine was discovered.  After the motion was denied, Byrd pled *nolo contendere* to the charge of Possession of a Controlled Substance with Intent to Deliver Cocaine, a first degree felony, pursuant to a plea bargain with the State and was sentenced to fifteen (15) years in the Texas Department of Criminal Justice – Institutional Division.  TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003); TEX. PEN. CODE ANN. § 12.32 (Vernon 2003).  The trial court certified Byrd's right to appeal the denial of the motion to suppress.  TEX. R. APP. P. 25.2(2)(A).  Because we find that

the trial court did not err by denying the motion, we affirm the judgment of the trial court.

## Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts and review de novo the trial court's application of law to facts not turning on credibility and demeanor. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).

## Inventory Searches

An inventory search is permissible under the United States and Texas constitutions if it is conducted pursuant to a lawful impoundment. *South Dakota v. Opperman*, 428 U.S. 364, 372-75, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976); *Benavides v. State*, 600 S.W.2d 809, 810 (Tex. Crim. App. 1980); *Josey v. State*, 981 S.W.2d 831, 842 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). The State bears the burden of proving that an impoundment is lawful and may satisfy its burden by showing that (1) the driver was arrested, (2) no alternatives other than impoundment were available to ensure the automobile's protection, (3) the impounding agency had an inventory policy, and (4) that policy was followed. *Garza v. State*, 137 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). To determine the reasonableness of impoundment we consider the following factors: (1) whether someone was available at the scene of the arrest to whom the police could have given possession of the vehicle; (2) whether the vehicle was impeding the flow of traffic or was a danger to public safety; (3) whether the vehicle was locked; (4) whether the detention of the arrestee would likely be of such duration as

to require police to take protective measures; (5) whether there was some reasonable connection between the arrest and the vehicle; and (6) whether the vehicle was used in the commission of another crime. *Josey*, 981 S.W.2d at 842.

In making inventory searches, the police are not required to use the least intrusive means of safeguarding the property. *Colorado v. Bertine*, 479 U.S. 367, 374-75, 93 L. Ed. 2d 739, 107 S. Ct. 738 (1987); *Illinois v. Lafayette*, 462 U.S. 640, 647-48, 77 L. Ed. 2d 65, 103 S. Ct. 2605 (1983). The police may inventory even locked automobile trunks and glove compartments. *Bertine*, 479 U.S. at 374-75. The authorities are not required to offer the arrestee a chance to make other arrangements, or to ask him whether he wants his valuables protected. *Id.* at 373-74. The police are also not required to independently investigate possible alternatives to impoundment absent some objectively demonstrable evidence that alternatives do, in fact, exist. *Mayberry v. State*, 830 S.W.2d 176, 180 (Tex. App.—Dallas 1992, pet. ref'd).

In his brief, Byrd does not challenge the fact that he was arrested, that there was an inventory policy, or that the policy was followed by the officer. *See Garza v. State*, 137 S.W.3d at 882. He does challenge whether there were other alternatives to impoundment and the reasonableness of the impoundment.

Byrd was the driver of the vehicle. His brother, Joe, was in the passenger seat. Byrd was stopped in Waco for expired inspection and registration stickers and having his front license plate displayed inside the vehicle on his dash, which rendered it

unreadable as required by statute[1]. When Byrd was pulled over by the officer, he parked the car in a parking lot of a store. Upon running a search for warrants, the officer discovered that Byrd had outstanding warrants for DWI and driving with a suspended license. Byrd was then arrested and placed in the patrol car by the officer.

Further investigation revealed that the vehicle's owner was, in fact, Byrd's wife, who lived in Riesel. Byrd was specifically excluded from the liability insurance policy on the vehicle. Joe did not have a driver's license. After the officer determined that Joe had no outstanding warrants, Joe walked away from the scene with a gas can from the vehicle. It is the policy of the Waco Police Department that they do not release vehicles to unlicensed drivers or non-owners of the vehicle. The officers are not allowed to leave the vehicle unattended without someone to take custody of it.

Upon determining that the vehicle would be impounded, the officer undertook an inventory search which revealed a rag stuffed in a cup wedged between the driver's seat and the center console. When the officer pulled the rag out of the cup, three baggies filled with what was later determined to be cocaine and several empty baggies fell out of the rag.

In reviewing the factors used to determine the reasonableness of the impoundment, the factor we believe is determinative in the instant case is the availability of someone at the scene of the arrest to whom the police could have given possession of the vehicle. *Delgado v. State*, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986). If a passenger in the car or someone at the scene of the arrest cannot furnish

[1] The officer determined that the inspection and registration stickers were in fact current after he stopped Byrd, but the license plate was, in fact, improperly displayed. However, Byrd does not complain of the validity of the traffic stop in either the motion to suppress or his brief.

identification or a driver's license, it is not improper for the officer to refuse to release the car to that person. *Stephen v. State*, 677 S.W.2d 42, 43-44 (Tex. Crim. App. 1984); *State v. Garcia*, 801 S.W.2d 137, 141 (Tex. App.—San Antonio 1990, pet. ref'd); *see also Mayberry*, 830 S.W.2d at 180. Additionally, because the police are not required to independently investigate impoundment alternatives, the police were not required to locate the owner of the store to determine if Byrd's car could remain in the lot. *See Garza v. State*, 137 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, pet ref'd); *Mayberry*, 830 S.W.2d at 180. We hold that there was no alternative to impoundment to ensure the safety of the vehicle, and, therefore, the impoundment was lawful and reasonable. Thus, the inventory was not an unreasonable search in violation of the United States and Texas constitutions. We overrule Byrd's sole issue.

*Conclusion*

We find that the impoundment of Byrd's vehicle was lawful, and the inventory of Byrd's vehicle taken pursuant to that impoundment was not in violation of either the United States Constitution or the Texas constitution. Therefore, the trial court did not err in denying Byrd's motion to suppress. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed October 28, 2009
Do not publish
[CR25]