IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00243-CR

 

Thomas Leon Byrd,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2007-1823-C1

 



MEMORANDUM  Opinion










 

            Thomas Leon Byrd appeals the denial of
a motion to suppress evidence that was the subject of an inventory search
conducted on his vehicle pursuant to being impounded, during which cocaine was
discovered.  After the motion was denied, Byrd pled nolo contendere to
the charge of Possession of a Controlled Substance with Intent to Deliver
Cocaine, a first degree felony, pursuant to a plea bargain with the State and
was sentenced to fifteen (15) years in the Texas Department of Criminal Justice
– Institutional Division.  Tex. Health
& Safety Code Ann. § 481.112 (Vernon 2003); Tex. Pen. Code Ann. § 12.32 (Vernon 2003).  The trial court
certified Byrd’s right to appeal the denial of the motion to suppress.  Tex. R. App. P. 25.2(2)(A).  Because we
find that the trial court did not err by denying the motion, we affirm the
judgment of the trial court.

Standard of Review

            We review a trial court's ruling on a
motion to suppress evidence under a bifurcated standard of review. St.
George v. State, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). We give almost
total deference to the trial court's determination of historical facts and
review de novo the trial court's application of law to facts not turning on
credibility and demeanor. Ford v. State, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).

Inventory Searches

An inventory search is permissible under the United States and Texas constitutions if it is conducted pursuant to a lawful impoundment.  South
Dakota v. Opperman, 428 U.S. 364, 372-75, 96 S. Ct. 3092, 49 L. Ed. 2d 1000
(1976); Benavides v. State, 600 S.W.2d 809, 810 (Tex. Crim. App. 1980); Josey
v. State, 981 S.W.2d 831, 842 (Tex. App.—Houston [14th Dist.] 1998, pet.
ref'd).  The State bears the burden of proving that an impoundment is lawful
and may satisfy its burden by showing that (1) the driver was arrested, (2) no
alternatives other than impoundment were available to ensure the automobile's
protection, (3) the impounding agency had an inventory policy, and (4) that
policy was followed.  Garza v. State, 137 S.W.3d 878, 882 (Tex. App.—Houston
[1st Dist.] 2004, pet. ref'd).  To determine the reasonableness of impoundment
we consider the following factors: (1) whether someone was available at the
scene of the arrest to whom the police could have given possession of the
vehicle; (2) whether the vehicle was impeding the flow of traffic or was a
danger to public safety; (3) whether the vehicle was locked; (4) whether the
detention of the arrestee would likely be of such duration as to require police
to take protective measures; (5) whether there was some reasonable connection
between the arrest and the vehicle; and (6) whether the vehicle was used in the
commission of another crime.  Josey, 981 S.W.2d at 842.

In making inventory searches, the police are not
required to use the least intrusive means of safeguarding the property.  Colorado v. Bertine, 479 U.S. 367, 374-75, 93 L. Ed. 2d 739, 107 S. Ct. 738
(1987); Illinois v. Lafayette, 462 U.S. 640, 647-48, 77 L. Ed. 2d
65, 103 S. Ct. 2605 (1983).  The police may inventory even locked automobile
trunks and glove compartments.  Bertine, 479 U.S. at 374-75.  The
authorities are not required to offer the arrestee a chance to make other
arrangements, or to ask him whether he wants his valuables protected.  Id. at 373-74.  The police are also not required to independently investigate
possible alternatives to impoundment absent some objectively demonstrable
evidence that alternatives do, in fact, exist.  Mayberry v. State, 830
S.W.2d 176, 180 (Tex. App.—Dallas 1992, pet. ref'd).  

In his brief, Byrd does not challenge the fact
that he was arrested, that there was an inventory policy, or that the policy
was followed by the officer.  See Garza v. State, 137 S.W.3d at 882.  
He does challenge whether there were other alternatives to impoundment and the
reasonableness of the impoundment.  

Byrd was the driver of the vehicle.  His brother,
Joe, was in the passenger seat.  Byrd was stopped in Waco for expired
inspection and registration stickers and having his front license plate
displayed inside the vehicle on his dash, which rendered it unreadable as
required by statute[1].  When
Byrd was pulled over by the officer, he parked the car in a parking lot of a
store.  Upon running a search for warrants, the officer discovered that Byrd
had outstanding warrants for DWI and driving with a suspended license.  Byrd
was then arrested and placed in the patrol car by the officer.

Further investigation revealed that the vehicle’s
owner was, in fact, Byrd’s wife, who lived in Riesel.  Byrd was specifically
excluded from the liability insurance policy on the vehicle.  Joe did not have
a driver’s license.  After the officer determined that Joe had no outstanding
warrants, Joe walked away from the scene with a gas can from the vehicle.  It
is the policy of the Waco Police Department that they do not release vehicles
to unlicensed drivers or non-owners of the vehicle.  The officers are not
allowed to leave the vehicle unattended without someone to take custody of it. 


Upon determining that the vehicle would be
impounded, the officer undertook an inventory search which revealed a rag
stuffed in a cup wedged between the driver’s seat and the center console.  When
the officer pulled the rag out of the cup, three baggies filled with what was
later determined to be cocaine and several empty baggies fell out of the rag.

In reviewing the factors used to determine the
reasonableness of the impoundment, the factor we believe is determinative in
the instant case is the availability of someone at the scene of the arrest to
whom the police could have given possession of the vehicle.  Delgado
v. State, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986).  If a passenger in
the car or someone at the scene of the arrest cannot furnish identification or
a driver's license, it is not improper for the officer to refuse to release the
car to that person.  Stephen v. State, 677 S.W.2d 42, 43-44 (Tex. Crim.
App. 1984); State v. Garcia, 801 S.W.2d 137, 141 (Tex. App.—San Antonio
1990, pet. ref'd); see also Mayberry, 830 S.W.2d at 180.  Additionally,
because the police are not required to independently investigate impoundment
alternatives, the police were not required to locate the owner of the store to
determine if Byrd’s car could remain in the lot.  See Garza v. State,
137 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, pet ref’d); Mayberry, 830 S.W.2d at 180. 
We hold that there was no alternative to impoundment to ensure the safety of
the vehicle, and, therefore, the impoundment was lawful and reasonable.  Thus,
the inventory was not an unreasonable search in violation of the United States and Texas constitutions.  We overrule Byrd’s sole issue.

Conclusion

            We find that the impoundment of Byrd’s
vehicle was lawful, and the inventory of Byrd’s vehicle taken pursuant to that
impoundment was not in violation of either the United States Constitution or
the Texas constitution.  Therefore, the trial court did not err in denying
Byrd’s motion to suppress.  We affirm the judgment of the trial court.    

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed October 28, 2009

Do not publish 

[CR25]









[1]
The officer determined that the inspection and registration stickers were in
fact current after he stopped Byrd, but the license plate was, in fact,
improperly displayed.  However, Byrd does not complain of the validity of the
traffic stop in either the motion to suppress or his brief.