**Affirmed; Opinion Filed August 2, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01444-CR

### JOSE JUAN FLORES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Rockwall County, Texas**
**Trial Court Cause No. CR15-1639**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart.
Opinion by Justice Lang

Following a plea of not guilty, appellant Jose Juan Flores ("Flores") was convicted by a

jury of driving while intoxicated while in possession of an open container of an alcoholic beverage.

The trial court assessed punishment of 180 days in county jail, but suspended that sentence by

placing Flores on 24 months of community supervision. The trial court also ordered Flores pay a

fine of $1,000.00, court costs of $412.50, attend and successfully complete a DWI education

program, attend and successfully complete an alcohol and drug evaluation, and perform

community service.

In one issue on appeal, Flores contends "the trial court erred in failing to suppress the fruits

of the warrantless search of [Flores's] car lawful [sic] despite the officer's failure to follow the

established police department policy." We decide against Flores on his sole issue. The trial court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL CONTEXT

On December 4, 2015, the State filed a complaint and information that charged Flores with the offense of operating a motor vehicle while intoxicated while knowingly having "an open container of an alcoholic beverage, to-wit: Bud Light 16 ounce can in his immediate possession."

Before the guilt-innocence phase of trial, Flores filed a motion in limine with the trial court. The motion asked the State, in pertinent part, "not to present evidence" of the "fruits of [the] illegal search and seizure" of Flores's vehicle. During the motion in limine hearing, the State presented the testimony of David Tillery, an officer with the Rockwall Police Department. Tillery testified that on November 9, 2015, Flores was arrested for DWI. After Flores was arrested, there was no third party available who could have been responsible for Flores's vehicle and therefore, consistent with Rockwall Police Department policy, Flores's vehicle had "to be towed" and impounded. Because Flores was arrested and his vehicle impounded, Tillery conducted an inventory search.

According to Tillery, impounding the vehicle and taking an inventory of the articles in it is directed by department policy. When conducting the inventory search of Flores's vehicle in accordance with the Rockwall Police Department's inventory policy, Tillery found "one [beer] on the floorboard that was probably half, maybe two-thirds drank" and "one [beer] that was full enclosed underneath a hat in the front passenger's seat."

During cross-examination, Flores's counsel asked Tillery to read the Rockwall Police Department's "general order for impounding vehicles or releasing vehicles." Tillery read out loud the portion of the order that stated "[t]he inventory form will be completed for each inventory." Flores's counsel then asked Tillery the following questions:

Q. Do we have a vehicle inventory form for this case?

A. I don't know, but I know that when I towed [the car], I submitted one.

. . . .

Q. So you remember filling that out in this case, the form?

A. I always fill one out when we tow a vehicle unless it's a traffic accident.

Q. Let me ask you this specifically. I know you always do it. But do you remember this incident, specifically doing it for this case on Mr. Flores's vehicle?

A. Do I remember exactly when I did it and all that type of stuff? No, sir. I couldn't -- I'd be lying if I said I did.

Q. Do you remember actually doing it though? Do you have a memory of filling it out or handing it to someone? Do you have that memory? Is that something you remember?

A. I remember that each time I tow a vehicle due to an arrest, I have to complete an inventory form. The tow truck driver will not take custody of it without one.

At the close of the motion in limine hearing, Flores's counsel asked the trial court to "suppress any fruits of th[e] illegal search and seizure." The trial court "den[ied] the motion in limine" but granted Flores's counsel's request for a "running objection on the search and the beer cans [and the] open container."

## II.     Preservation of Error
### A.  Applicable Law

To preserve error on appeal, the record must show that appellant timely complained to the trial court stating "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1. "The trial court must be aware of an objection and given the opportunity to address it." *Porath v. State*, 148 S.W.3d 402, 413 (Tex. App.—Houston [14th Dist.] 2004, no pet.). "If the defendant's objection or motion to suppress is timely and sufficiently specific to inform the trial court of the nature of the complaint, the

complaint is preserved for appeal." *Krause v. State*, 243 S.W.3d 95, 102 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

### B. Application of the Law to the Facts

The State contends Flores did not preserve his argument on appeal that the trial court erred by failing to suppress "the fruits of the warrantless search of [Flores's] car" because Flores's "complaint was never stated as a 'motion to suppress' with sufficient specificity to make the trial [court] aware of his complaint." The State argues the trial court "treated [appellant's] complaint not as a 'motion to suppress' but as a 'motion in limine'" because the trial court's ruling was that it "den[ied] [Flore's] motion in limine." However, Flores's counsel stated at the close of the motion in limine hearing that "we would ask [the trial court] suppress any fruits of this illegal search and seizure" and he also requested a "running objection on the search and the beer cans [and the] open container." We conclude Flores's oral statement and objections at the hearing and objections at trial were sufficient to preserve Flores's complaint on appeal. *See Krause v. State*, 243 S.W.3d at 102 ("Appellant counsel's oral objection at trial was sufficient to preserve appellant's complaint on appeal."); *see also Cardenas v. State*, 857 S.W.2d 707, 710 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (Concluding the record did not include a written motion to suppress, however appellant's "oral motion to suppress urged at the close of the trial" preserved error.).

### III. Motion to Suppress

### A. Standard of Review

An appellate court "review[s] a trial court's denial of a motion to suppress under a bifurcated standard of review." *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). "We review the trial court's factual findings for an abuse of discretion, but review the trial court's application of law to the facts *de novo.*" *Id.* "The trial court is the sole trier of fact, the judge of witness credibility, and the determiner of the weight given to witness testimony." *State v. Ross*, 32

–4–

S.W.3d 853, 855 (Tex.Crim.App.2000). We afford "almost total deference to a trial court's findings of fact especially when those findings are based on an evaluation of credibility and demeanor." *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

### B. Applicable Law

"An inventory search is permissible under the federal and state constitutions if conducted pursuant to a lawful impoundment." *Mayberry v. State*, 830 S.W.2d 176, 179 (Tex. App.—Dallas 1992, pet. ref'd). "The State bears the burden of proving that an impoundment is lawful and may satisfy its burden by showing that (1) the driver was arrested, (2) no alternatives other than impoundment were available to insure the automobile's protection, (3) the impounding agency had an inventory policy, and (4) the policy was followed." *Garza v. State*, 137 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *see also Delgado v. State,* 718 S.W.2d 718, 721 (Tex. Crim. App. 1986). "[A]n inventory search must not deviate from police department policy and the State may satisfy this burden by showing (1) an inventory policy existed and (2) that the policy was followed." *Moberg v. State*, 810 S.W.2d 190, 195 (Tex. Crim. App. 1991).

### C. Application of the Law to the Facts

In his sole issue, Flores contends "[t]he State failed to show the search of appellant's [vehicle] followed Rockwall Police Department's policy for inventory searches" and therefore "the search was not lawful and the court erred in not suppressing the fruits of the illegal search." Specifically, Flores argues the State was required to show that an inventory form was completed. We disagree.

During his testimony, Tillery stated that the Rockwall Police Department has a written inventory policy. He described the policy and stated he followed the inventory policy in this case. This policy is not disputed by appellant. While Tillery testified he could not "remember exactly" when he filled out the inventory form in this case, he stated that he submits an inventory form each

time he has a vehicle towed following an arrest, and did so in this case. The trial court could have concluded from Tillery's testimony that an inventory policy existed and that a vehicle inventory form was completed as required by the Rockwall Police Department's inventory policy. *See Josey v. State,* 981 S.W.2d 831, 843 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (Concluding officer's testimony describing department inventory policy and statement that "[a]ny time [sic] we give the wrecker driver the keys to a vehicle, we inventory the complete interior of the vehicle as well as the trunk" was sufficient to show an inventory search policy existed and the inventory search policy was followed.); *see also Roberts v. State of Texas*, 444 S.W.3d 770 (Tex. App.—Fort Worth 2014) (Upholding denial of suppression of evidence when a sergeant testified he completed a "pull card" as required by the inventory policy.). Further, the Court of Criminal Appeals has held there is "no need to introduce into evidence a written inventory" when there is "testimony of the officer[] that an inventory policy existed and that the policy was followed." *Stephen v. State,* 677 S.W.2d 42, 45 (Tex. Cr. App .1984).

On this record, we conclude the trial court did not abuse its discretion in denying Flores's oral motion to suppress evidence. We decide against Flores on his sole issue. The judgment of the trial court is affirmed.

## IV. Conclusion

Having decided against Flores on his sole issue, we affirm the judgment of the trial court.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2
161444F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE JUAN FLORES, Appellant

No. 05-16-01444-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law, Rockwall County, Texas
Trial Court Cause No. CR15-1639.
Opinion delivered by Justice Lang. Justices Myers and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of August, 2018.